

# SUPREME COURT OF MISSOURI
## en banc

TRAVIS M. STANLEY,                   )
                                     )
                      Appellant,     )
                                     )
         v.                          )          No. SC93121
                                     )
STATE OF MISSOURI,                   )
                                     )
                      Respondent.    )

APPEAL FROM THE CIRCUIT COURT OF PERRY COUNTY
The Honorable Benjamin F. Lewis, Judge

*Opinion issued February 4, 2014*

Travis M. Stanley appeals the circuit court's judgment overruling his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. After Mr. Stanley pleaded guilty pursuant to a plea agreement with the prosecuting attorney, the circuit court gave Mr. Stanley a higher sentence than the prosecutor had recommended. Mr. Stanley filed a post-conviction motion seeking to vacate the judgment against him. He asserts in his first amended motion that his plea counsel was ineffective and that the plea and sentencing court erred in not giving Mr. Stanley certain warnings and in not providing him an opportunity to withdraw his guilty pleas. After Mr. Stanley's first post-conviction counsel withdrew from the case, a second appointed lawyer filed a late second amended motion. Mr. Stanley asserts that arguments raised in his late-filed second

amended motion are timely because his first appointed post-conviction counsel abandoned him by filing a deficient first amended motion.

This Court holds that counsel's actions did not constitute abandonment and that the arguments raised only in the late-filed second amended motion are time-barred. In addition, the motion court did not err in finding that Mr. Stanley is not entitled to a hearing on the claims raised in his first amended motion – that counsel was ineffective and that the plea and sentencing court erred – because the claims are refuted by the record. The judgment is affirmed.

## Factual Background

Mr. Stanley and the state reached a plea agreement in which the prosecuting attorney promised to recommend a lower sentence in exchange for Mr. Stanley's pleas of guilty on two counts of failure to register as a sex offender. The state had filed charges against Mr. Stanley in two separate cases: (1) for failing to inform the county sheriff that he changed his address within three days of moving; and (2) for failing to verify his sex offender registration information with the sheriff every 90 days, pursuant to sections 589.400 and 589.414, RSMo Supp. 2008, respectively. The maximum punishment for each of these offenses is four years' imprisonment – eight years' imprisonment total if served consecutively. Under the plea agreement, the prosecuting attorney promised to recommend a sentence of three years' imprisonment on each charge, served concurrently, leaving Mr. Stanley free to ask the court for probation. At the sentencing hearing, the state fulfilled its promise by recommending two three-year sentences to run concurrently. After ordering a sentencing assessment report, the court imposed two four-year sentences

to run consecutively for the maximum eight-year sentence instead of following the prosecutor's recommendation.

Mr. Stanley's plea counsel filed a written petition to plead guilty, which Mr. Stanley signed and affirmed as true during the plea hearing, describing the terms of the plea agreement and the fact that it was not binding on the court. It states that the prosecuting attorney would "recommended a cap of 3 years on this case and 3 years on [the other] c/c to serve." It also states that Mr. Stanley was "free to request probation" and that his lawyer informed him "that the range of punishment which the law provides on each count . . . is up to four (4) years imprisonment . . . ." Mr. Stanley acknowledged the following in the written plea: "I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose."

Mr. Stanley also entered oral guilty pleas to the two charges. At the plea hearing, the court discussed the terms of the plea agreement and conducted an oral plea colloquy on the record, tracking the language of Rule 24.02(b) and (c).[1] In answer to the judge's

---

[1] Rule 24.02(b) and (c) states the following:

   **(b) Advice to Defendant.** Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following:
   1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
   2. If the defendant is not represented by an attorney, that defendant has the right to be represented by an attorney at every stage of the proceedings against defendant and, if necessary, one will be appointed to represent defendant; and

questions, Mr. Stanley confirmed that he had no problem understanding English, that he had not consumed any drugs or alcohol within the previous 40 hours, that he understood the charges against him, and that he intended to plead guilty. He also stated he understood that he did not have to plead guilty, that he had a right to a trial if he wanted one, that no one promised him anything other than the plea agreement, and that no one had threatened him or anyone he cared about to get him to plead guilty. The court also explained the numerous trial rights and the right to an appeal that Mr. Stanley would give up by pleading guilty. Mr. Stanley confirmed that he was satisfied with the services of his plea counsel, that she had investigated the case and negotiated the plea agreement to his satisfaction, and that there was nothing he asked counsel to do that she had not done.

When the judge asked about the plea agreement, the prosecuting attorney responded with the following:

> Judge, the State has agreed to a cap of three years combined on these two sentences. I think the defendant knows we're going to ask for three years in each case concurrent. They're going to be free to argue for lesser including probation. I believe that's our agreement, sir.

---

3. That defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against defendant, and the right not to be compelled to incriminate himself or herself; and

4. That if defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty defendant waives the right to a trial.

**(c) Ensuring That the Plea is Voluntary.** Except as provided by Rule 31.03, the court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting attorney and the defendant or defendant's attorney.

Mr. Stanley confirmed that this was his understanding of the agreement, and the court later confirmed its understanding by stating to the prosecutor, "[Y]ou're only asking for three, right, a cap of three?" The court conducted the following exchange with Mr. Stanley regarding the maximum punishment the court could impose, despite the plea agreement:

> [The court:] [The prosecutor] has agreed that the maximum sentence that could be imposed in these cases will be four years in your case. Do you understand that?
>
> [Mr. Stanley:] Yes, sir.
>
> . . . .
>
> [The court:] We're going to stipulate—the parties have agreed to stipulate that the maximum punishment on each of these offenses is four years. That means the maximum that I could possibly impose would be eight. Now, I'm not saying I'm going to do that, but today I can't promise that I won't. Do you understand that?
>
> [Mr. Stanley:] Yes, sir.
>
> [The court:] Because what I need to find out is what's going on with you and what's going on—what are the exact circumstances of these charges and we're not set up to do that today. I'm going to order a sentencing assessment report, bring you back here in March and then I'll know and we'll all talk about it. Do you understand that?
>
> [Mr. Stanley:] Yes, sir.
>
> [The court:] But it could be as much as eight years. Do you understand that?
>
> [Mr. Stanley:] Yes, sir.
>
> [The court:] Understanding that, is it still your intention to plead guilty to these charges?
>
> [Mr. Stanley:] Yes, sir.

The court did not inform Mr. Stanley, however, that he could not withdraw his guilty pleas if it decided to impose the higher punishment.

Before accepting the guilty pleas, the judge explained the two charges. Mr. Stanley responded that he understood the charges and acknowledged that he failed to periodically update his sex offender registration information with the sheriff and failed to inform the sheriff he had changed his address. Mr. Stanley affirmed that the statements in the written plea petition were true and signed them during the plea hearing. The court then accepted the guilty pleas, shortly after finding that Mr. Stanley had admitted all of the elements for each offense, found that he was guilty beyond a reasonable doubt, and found that the guilty pleas were entered into freely, knowingly, voluntarily, and intelligently. After ordering a sentencing assessment report, the same judge held a sentencing hearing and imposed on Mr. Stanley the maximum sentences: two four-year sentences to be served consecutively. Neither Mr. Stanley nor his counsel objected that the sentence imposed was contrary to the plea bargain or requested that Mr. Stanley be permitted to withdraw his guilty pleas, and the court entered judgment.

Mr. Stanley filed a timely[2] pro se Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence on April 12, 2010. He alleged in the pro se motion: (1) that the circuit court erred by failing to reject his plea agreement in "open court," and (2) that his plea counsel was ineffective because she promised Mr. Stanley he would receive a maximum of a three-year sentence if he pleaded guilty, yet she allowed the

_____

[2] Rule 24.035(b) states, "If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Mr. Stanley was incarcerated on or about March 10, 2010, fewer than 180 days prior to filing his Rule 24.035 motion.

6

court to treat the plea agreement as a nonbinding "open plea." The motion court appointed the public defender's office as Mr. Stanley's post-conviction counsel on April 30, 2010.

After Mr. Stanley's first post-conviction counsel entered his appearance, he filed a timely first amended Rule 24.035 motion on September 30, 2010.[3] The motion was timely because counsel filed it within 60 days of August 9, 2010, which is the date the plea court's transcript was filed with the motion court. *See* Rule 24.035(g).[4] The first amended motion makes five claims. The first is that the court "violated Rule 24.02(d)(4) when it failed to inform the Parties that it rejected their plea agreement." The second is that the court "violated Rule 24.02(d)(4) and this Court's holding in *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978), when it failed to afford Movant an opportunity to withdraw his plea after the Court rejected the plea agreement."

The last three claims in the first amended motion are that Mr. Stanley's guilty pleas were involuntary because his plea counsel was ineffective under the federal and

---

[3] Mr. Stanley's first post-conviction counsel actually stated that he filed the first amended motion under Rule 29.15, rather than Rule 24.035. Rule 29.15 authorizes a post-conviction motion following a trial; it is substantially identical to the motion authorized by Rule 24.035 following a guilty plea. This Court will treat Mr. Stanley's first amended motion as a Rule 24.035 motion, although counsel stated the incorrect rule in the first amended motion. *See Terrill v. State*, 792 S.W.2d 710, 710 n.2 (Mo. App. 1990).

[4] Rule 24.035(g) states:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

7

state constitutions. The claims allege that Mr. Stanley's plea counsel erred in three ways: (1) by failing to specifically mention in the written plea petition that Mr. Stanley was to serve his sentences concurrently; (2) by failing to adequately explain to Mr. Stanley that the court was free to reject the plea agreement and impose a higher sentence; and (3) by failing to object to the eight-year sentence imposed or inquire whether the court understood the plea agreement.

The first amended motion does not state that the plea court violated Rule 24.02(d)(2) by failing to inform Mr. Stanley he could not withdraw his guilty pleas later should the court decide to deviate from the prosecuting attorney's recommendation and impose a higher sentence. Rather, the first amended motion's claims that the trial court erred are based on Rule 24.02(d)(4), which discusses the court's procedure for rejecting certain types of plea agreements. The motion also asserts that Mr. Stanley was prejudiced by stating, "[C]ounsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances and as a result thereof Movant was substantially prejudiced." Nonetheless, it fails to allege that Mr. Stanley would not have pleaded guilty and would have insisted on going to trial if the plea court and counsel had not erred.

Mr. Stanley's first post-conviction counsel withdrew from the case with the permission of the motion court, and a second lawyer from the public defender's office entered an appearance on April 13, 2011 – more than 60 days after both the appointment of the public defender's office as counsel and the date the transcript was filed. Mr. Stanley's second post-conviction counsel filed an oral motion for leave to file a

8

second amended Rule 24.035 motion out of time. The circuit court granted the request, and counsel filed the second amended motion on July 21, 2011.

Counsel sought to cure what he believed were deficiencies in the first amended motion with the second amended motion. Unlike the first amended motion, the second amended motion alleges that the plea court violated Rule 24.02(d)(2) by neglecting to inform Mr. Stanley that he could not withdraw his guilty pleas later. Also, unlike the first amended motion, the second amended motion alleges specific facts as evidence of prejudice for both the claims of circuit court errors and the claims of ineffective assistance of counsel. It alleges that Mr. Stanley would not have pleaded guilty and would have gone to trial had counsel told him the court was not bound by the prosecutor's recommendation and had the court told him he could not withdraw his guilty pleas later if it decided to deviate from the prosecutor's recommendation.

The circuit court overruled Mr. Stanley's second amended motion without an evidentiary hearing, finding that the transcript of the plea colloquy refuted Mr. Stanley's claims. This Court ordered transfer after the court of appeals issued an opinion and, therefore, has jurisdiction. *See* Mo. Const. art. V, § 10.

### Standard of Review

This Court limits its review of the overruling of a Rule 24.035 motion to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been

9

made." *Cooper*, 356 S.W.3d at 152; *Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013). "Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling." *Cooper*, 356 S.W.3d at 152.

The Court will first address the untimeliness of Mr. Stanley's second amended motion and his argument to excuse the late filing because his first post-conviction counsel abandoned him. Because the Court concludes that no abandonment occurred, it then will address only the claims raised in Mr. Stanley's first amended motion: that the circuit court erred in not providing certain disclosures or allowing him to withdraw his guilty pleas pursuant to Rule 24.02(d)(4) and that his plea counsel was ineffective.

### Arguments Raised Only in the Second Amended Rule 24.035 Motions are Time-Barred

The time limits for filing a post-conviction motion are mandatory. *Eastburn*, 400 S.W.3d at 773 (Rule 29.15 motions); *Wilkins v. State*, 802 S.W.2d 491, 504 (Mo. banc 1991) (Rule 24.035 motions).[5] The movant is responsible for timely filing the initial motion, and appointed counsel must timely file either an amended motion or a statement that the pro se motion is sufficient. Rule 24.035(b), (e); *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). The motion court is compelled to dismiss late-filed motions. *Gehrke*, 280 S.W.3d at 57. Arguments raised for the first time in a second amended motion filed after the time limit set out in Rule 24.035(g) are barred from consideration. *Wilkins*, 802 S.W.2d at 504 (applying prior Rule 24.035(f)); *see also Amrine v. State*, 785

---

[5] Mr. Stanley noted in his brief and at oral argument that the state "recorded no objection to the filing of a second amended motion in circuit court." The state cannot waive compliance with the time limits imposed by Rule 24.035, and the lack of an objection is irrelevant. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).

10

S.W.2d 531, 533 (Mo. banc 1990) (stating that additional grounds alleged in untimely amended Rule 29.15 motions are "procedurally waived").

### Second Amended Motion Filed Out of Time

Mr. Stanley's second post-conviction counsel could not have filed a timely second amended motion because he entered his appearance after the time limit for filing amended motions already had passed. Mr. Stanley argues that replacement post-conviction counsel has a continuing obligation under Rule 24.035(e) to investigate facts and claims known to the movant and to file an amended motion or statement, regardless of when counsel is appointed. Rule 24.035(g) prevents counsel from filing an amended motion, however, outside a certain time period following appointment of the public defender's office.

> Rule 24.035(g) requires counsel to file the amended motion within 60 days of
>
> **the earlier of**: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

(Emphasis added.) Accordingly, "the effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance." *State v. White*, 813 S.W.2d 862, 864 (Mo. banc 1991) (citing *Schneider v. State*, 787 S.W.2d 718, 720 (Mo. banc 1990)).

The time limit for filing an amended motion passed before Mr. Stanley's second post-conviction counsel ever entered into the case. The fact that Mr. Stanley's first post-conviction counsel had the motion court's permission to withdraw makes no difference

11

because the date of first appointment of counsel controls the time for filing an amended motion, regardless of whether the court later appoints new counsel or allows new counsel to enter an appearance.[6]

A motion court has no authority to extend this time limit for filing an amended motion. *Eastburn*, 400 S.W.3d at 773-74. The post-conviction rules have mandatory time limits because a post-conviction motion is a collateral attack on the final judgment of a court. *Dorris*, 360 S.W.3d at 269. Unlike statutes of limitations in civil cases, which seek to prevent the filing of stale claims, the purpose of the time limits in the post-conviction rules is to prevent "'duplicative and unending challenges to the finality of a judgment.'" *Id.* Post-conviction counsel cannot usurp this purpose by withdrawing and replacing lawyers to reestablish when the limitations period begins running for amended motions, and neither can the circuit court by giving counsel permission to withdraw and "reappointing" another lawyer. The earlier of the date of first appointment or entry of appearance continues to control the time limit for filing an amended motion, regardless of whether a new lawyer appears.

Mr. Stanley's second post-conviction counsel entered his appearance on April 13, 2011, more than 60 days after August 9, 2010, the date both the transcript was filed and the public defender's office had been appointed as Mr. Stanley's counsel. By the time Mr. Stanley's second post-conviction counsel entered his appearance on April 13, 2011,

---

[6] In *White*, the Court decided not to address this issue because the first post-conviction counsel in that case did not seek permission to withdraw. *White*, 813 S.W.2d at 864 n.1 ("We express no opinion as to what impact, if any, a withdrawal permitted by the motion court would have on the time limitations contained in *Rule 29.15*.").

12

he could not have filed a timely amended Rule 24.035 motion.[7]  Therefore, counsel filed

the second amended motion out of time, and this Court will not consider it unless Mr.

Stanley can show abandonment by his first post-conviction counsel.[8]

## No Abandonment by First Counsel

This Court has recognized narrow exceptions to the time limits in this Court's

rules for filing amended post-conviction motions.  *Luleff v. State*, 807 S.W.2d 495 (Mo.

banc 1991); *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).   As applicable to this

case, the Court has found "abandonment" and allowed additional time to file an amended

motion when there was a "complete absence of performance" by appointed counsel,

*Luleff*, 807 S.W.2d at 497, or when appointed counsel determined that an amended

motion was necessary but failed to file the amendment in a timely fashion, *Sanders*, 807

S.W.2d at 494-95.  This Court continually has refused to expand the circumstances that

constitute abandonment to include claims for ineffective assistance of post-conviction

---

[7] Even if the motion court had granted Mr. Stanley, in its discretion, an additional 30 days to file an amended motion, which Rule 24.035(g) permits, counsel still could not have filed a timely amended motion because April 13, 2011, was also more than 90 days after August 9, 2010.

[8] The second post-conviction counsel's "abandonment" is irrelevant.  Mr. Stanley suggests that the second post-conviction counsel's filing of an amended motion more than 60 days after he entered his appearance might have constituted abandonment.  In other words, Mr. Stanley suggests that the second amended motion should be considered timely because his second post-conviction counsel got a new 60-day clock when he entered his appearance but failed to make that deadline.  The remedy for abandonment, however, is to place the movant in the position he or she would have been in had the abandonment not occurred.  *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008).  Mr. Stanley's second post-conviction counsel could not have filed a timely second amended motion at all, even assuming he had completely fulfilled his duties as appointed counsel, because the time limit for filing an amended motion already had passed by the time he entered his appearance.  The second post-conviction counsel's late filing of a second amended motion, therefore, could not justify the motion's consideration on a theory of abandonment.

counsel. *See Eastburn*, 400 S.W.3d at 774; *Gehrke*, 280 S.W.3d at 58. In fact, the Court reviews claims of abandonment carefully "'to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel.'" *Eastburn*, 400 S.W.3d at 774 (quoting *Taylor v. State*, 254 S.W.3d 856, 858 (Mo. banc 2008)). When a movant proves that counsel has abandoned the movant, however, "the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008).

Mr. Stanley makes a claim of abandonment as recognized in *Luleff* – that his first post-conviction counsel took no action with respect to filing an amended motion, thereby depriving him of a meaningful review of his claims. In support of that claim, Mr. Stanley argues that the first amended motion is "so patently defective that it amounts to a nullity." *Dudley v. State*, 254 S.W.3d 109, 111 (Mo. App. 2008).

When post-conviction counsel totally defaults in carrying out the obligations imposed by the post-conviction rules, counsel is deemed to have taken no action at all. *State v. Bradley*, 811 S.W.2d 379, 384 (Mo. banc 1991); *see Luleff*, 807 S.W.2d at 497-98 (a "complete absence of performance" by appointed counsel constitutes abandonment). Rule 24.035(e) requires counsel to do the following:

> Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the [initial pro se] motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.

14

Under a prior version of the post-conviction rules, post-conviction counsel's filing of an amended motion that was unverified was considered a "nullity." *Crawford v. State*, 834 S.W.2d 749, 754 (Mo. banc 1992); *Bradley*, 811 S.W.2d at 383. An amended motion also has been deemed a nullity when counsel merely replicated a facially deficient pro se motion. *See Pope v. State*, 87 S.W.3d 425, 427-29 (Mo. App. 2002).

Here, Mr. Stanley's first post-conviction counsel did not abandon Mr. Stanley by failing to take action with respect to filing an amended motion. He filed an amended motion alleging claims and facts beyond those raised by Mr. Stanley in his pro se motion, and he did not default in meeting his obligations under Rule 24.035(e).

The first amended motion was not a nullity. The pro se motion alleges only (1) that the plea court failed to reject his plea agreement in "open court" and (2) that Mr. Stanley's plea counsel was ineffective because she promised Mr. Stanley he would receive a maximum of a three-year sentence if he pleaded guilty, yet she allowed the court to treat the plea agreement as a nonbinding "open plea." The first amended motion alleges five claims. It alleges two claims that the plea court erred in failing to tell Mr. Stanley it was rejecting his guilty plea agreement and in failing to allow him to withdraw his guilty pleas, and it alleges three separate claims that his plea counsel was ineffective. The first amended motion also states, as additional facts, that the plea court did not allow Mr. Stanley to withdraw his guilty pleas, that counsel failed to assert in the written plea agreement that the two three-year sentences were to be served concurrently, and that plea counsel did not object or inquire into the plea court's imposition of the maximum eight-year sentence.

15

The first post-conviction counsel's actions did not constitute abandonment because his filing of an amended motion discharged his duties under Rule 24.035(e). Moreover, the allegations of additional claims and facts in the first amended motion show that Mr. Stanley's first post-conviction counsel made some effort to "ascertain whether sufficient facts supporting the claims" were asserted in the pro se motion and "whether the movant had included all claims known to the movant as a basis for attacking the judgment and sentence." Rule 24.035(e); *see Luleff*, 807 S.W.2d at 497.

Mr. Stanley's claim is appropriately characterized as an impermissible claim for ineffective assistance of post-conviction counsel. *See Taylor*, 254 S.W.3d at 858. Even assuming Mr. Stanley's first post-conviction counsel could have pleaded sufficient facts in the first amended motion entitling Mr. Stanley to an evidentiary hearing but neglected to do so, counsel actually filed an amended motion containing claims and facts beyond those stated in the pro se motion. Mr. Stanley's argument that the first post-conviction counsel did a poor job drafting the first amended motion is an argument that counsel was ineffective.

Because the record demonstrates counsel attempted to comply with the post-conviction rules and filed a timely amended motion, his actions did not constitute abandonment. Therefore, the motion court was not required to hold a hearing. *See Moore v. State*, 934 S.W.2d 289, 291-92 (Mo. banc 1996) (stating that no abandonment hearing is necessary when the record clearly refutes the claim of abandonment). Accordingly, arguments raised only in Mr. Stanley's late-filed second amended motion

16

are time-barred, and this Court confines its review to arguments raised in the first amended motion.  *See Wilkins*, 802 S.W.2d at 504.[9]

## No Entitlement to an Evidentiary Hearing.

The five claims raised in Mr. Stanley's first amended motion[10] are cognizable in a Rule 24.035 motion only to the extent they challenge the validity of his guilty pleas.  His first two claims are that the plea court violated Rule 24.02(d)(4).  His last three are claims that Mr. Stanley's plea counsel was ineffective under the federal and state constitutions.  Rule 24.035 permits "claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States."  Rule 24.035(a).  A guilty plea waives, however, all constitutional and statutory claims except jurisdictional defects and claims that the guilty plea was not made knowingly, voluntarily, and intelligently.  *Garris v. State*, 389 S.W.3d 648, 651-52 (Mo. banc 2012).  Mr. Stanley does not challenge jurisdiction, so his five claims are cognizable only to the extent they show that the guilty pleas were not entered knowingly, voluntarily, and intelligently.  *See, e.g.*, *Cooper*, 356 S.W.3d at 153.

---

[9] According to the motion court's findings of fact and conclusions of law, the court overruled Mr. Stanley's second amended motion, rather than the first amended motion.  Because the claims in the second amended motion are time-barred, the court should have overruled the first amended motion instead.  Nevertheless, this Court will affirm on any ground that supports the circuit court's judgment, regardless of the grounds on which the circuit court relied.  *See Rizzo v. State*, 189 S.W.3d 576, 578 (Mo. banc 2006).

[10] Mr. Stanley also argues, on appeal, that the plea court failed to examine Mr. Stanley adequately as to the effectiveness of his plea counsel pursuant to Rule 29.07(b)(4).  Mr. Stanley failed to preserve this argument because he never raised it in any of his Rule 24.035 motions, and this Court will not address whether the plea court's questioning of Mr. Stanley about his satisfaction with plea counsel satisfied the requirements of Rule 29.07(b)(4).  *See State v. Davis*, 348 S.W.3d 768, 770 (Mo. banc 2011) (an issue that never was presented to or decided by the circuit court is not preserved for appellate review).

To show that a movant is entitled to an evidentiary hearing in a Rule 24.035 motion, the movant must show that: (1) he or she alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the case files and the record; and (3) the matters complained of resulted in prejudice to the movant. *Cooper*, 356 S.W.3d at 152; *see also Morrow v. State*, 21 S.W.3d 819, 822-23 (Mo. banc 2000); *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974), *overruled on other grounds by Fields v. State*, 572 S.W.2d 477, 481 (Mo. banc 1978). The motion court may deny an evidentiary hearing when the record conclusively shows the movant is not entitled to relief. Rule 24.035(h).

Mr. Stanley's first amended motion fails to plead sufficient facts establishing prejudice on any of his claims. To show prejudice in a case when the alleged ineffective assistance only arises from the accepted guilty plea, a movant must prove that, but for the alleged errors, he or she would not have pleaded guilty and would have demanded a trial. *See Cooper*, 356 S.W.3d at 153. "No hearing is required in the absence of allegations showing prejudice." *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). Mr. Stanley does not allege in his first amended motion that he would not have pleaded guilty and would have insisted on going to trial if the trial court had not violated Rule 24.02(d)(4) or if counsel had not erred. Therefore, Mr. Stanley is not entitled to an evidentiary hearing on any of his claims, and the motion court did not clearly err in denying a hearing.

Even if Mr. Stanley had stated sufficient facts to plead prejudice in his first amended motion, the record and the transcript of the plea colloquy conclusively refute all of his claims. First, because Mr. Stanley understood his plea agreement was not binding

18

on the circuit court, the court did not violate Rule 24.02(d)(4). Any allegation that the court's violation of that rule affected the knowing, voluntary, and intelligent nature of Mr. Stanley's guilty plea fails. And second, even assuming Mr. Stanley's plea counsel erred, his claims that counsel was ineffective fail because the record and the transcript of the plea colloquy conclusively demonstrate that Mr. Stanley entered his guilty pleas knowingly, voluntarily, and intelligently.

## Rule 24.02(d)(4)[11]

Mr. Stanley's first claim is that the plea court "violated Rule 24.02(d)(4) when it failed to inform the Parties that it rejected their plea agreement." His second claim is that the court "violated Rule 24.02(d)(4) and this Court's holding in *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978), when it failed to afford Movant an opportunity to withdraw his plea after the Court rejected the plea agreement." Rule 24.02(d)(4) does not apply in

---

[11] Mr. Stanley arguably failed to preserve his claims that the circuit court violated Rule 24.02(d)(4) by not moving to withdraw his guilty pleas under Rule 29.07(d) while the sentencing court retained control over the case after it had imposed a sentence. *See State v. Taylor*, 929 S.W.2d 209, 215-16 (Mo. banc 1996) (addressing a claim that the circuit court violated Rule 24.02 on appeal of a Rule 29.07(d) motion to withdraw a guilty plea); *State v. Hunter*, 840 S.W.2d 850, 860 (Mo. banc 1992) (a defendant cannot raise issues in a post-conviction motion that the defendant and counsel knew about and could have raised with the trial court); *State v. Skaggs*, 248 S.W.2d 635, 636 (Mo. 1952) (a denial of a motion to withdraw a guilty plea is an appealable order); *see also* Rule 75.01 (the trial court retains control of its own judgment and can revoke or amend it within 30 days after entry of judgment). *But see Brown v. State*, 66 S.W.3d 721, 723 (Mo. banc 2002) (a defendant cannot circumvent the time limitations of Rule 24.035 by filing a motion to withdraw under Rule 29.07(d)), *overruled on other grounds by State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 517 (Mo. banc 2010); *State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002) (an appeal of a denial of a request to withdraw a guilty plea is not allowed when the motion came before imposition of sentence because the denial is not a final order when sentence is not yet imposed). In this case, the Court will not address the preservation issue but instead will address the merits of Mr. Stanley's claims because Mr. Stanley also alleges his plea counsel was ineffective for failing to object after the court imposed the sentence.

this case because the record demonstrates Mr. Stanley understood that his plea agreement for the prosecutor's recommendation of a lower sentence was not binding on the sentencing court.

Rule 24.02(d)(4) states that a circuit court must make three separate disclosures after rejecting a plea agreement. It also requires the court to allow a defendant to withdraw his or her guilty plea after the court rejects a plea agreement when the defendant thought the agreement would be binding on the court. It states the following:

> *Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court . . . that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw defendant's plea if it is based on an agreement pursuant to Rule 24.02(d)1(A), (C), or (D), and advise the defendant that if defendant persists in the guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Rule 24.02(d)(1)(B), which is excluded from Rule 24.02(d)(4), recognizes plea agreements where the prosecuting attorney promises to "[m]ake a recommendation . . . for a particular disposition, with the understanding that such recommendation or request shall not be binding on the court." A plea agreement qualifies as a nonbinding plea agreement under Rule 24.02(d)(1)(B) where the record demonstrates that the defendant understands the prosecuting attorney's promise is merely to recommend a sentence that the court is not required to adopt. *See Harrison v. State*, 903 S.W.2d 206, 208-10 (Mo. App. 1995) (noting that the defendant's understanding that the plea agreement is not binding on the court is what qualifies the agreement as a Rule 24.02(d)(1)(B) nonbinding plea agreement).

20

Rule 24.02(d)(4) does not apply to plea agreements of the Rule 24.02(d)(1)(B) variety, where the record demonstrates that the defendant understands the nonbinding nature of the plea agreement. A sentencing court does not "reject" that kind of plea agreement when the court deviates from the prosecutor's recommendation. When the defendant pleads guilty and the prosecutor makes the promised recommendation of a particular sentence, the agreement's terms have been performed and its obligations discharged. In the context of nonbinding plea agreements for a particular sentence, the prosecutor's recommendation is what the court rejects, not the plea agreement itself, and Rule 24.02(d)(4) does not apply. *See Harrison*, 903 S.W.2d at 210-11.

The history of Rule 24.02(d)(4) and its surrounding context support this construction. Before the rule's promulgation, this Court held, in *Schellert*, that the disclosure and withdrawal requirements, which now appear in the rule, were required when a court rejected any type of plea agreement. 569 S.W.2d at 739. The Court stated that a circuit court must advise the defendant that pleading guilty may be less favorable than the sentence contemplated by the plea agreement, inform the defendant that the court is not bound by and is rejecting the plea agreement, and give the defendant an opportunity to withdraw his or her guilty plea after rejecting it. *Id.* This was true even though the prosecutor had promised only to make a recommendation of a lower sentence. *Id.* at 736.

The next year, in 1979, the Court adopted the initial version of Rule 24.02(d)(4), which essentially restated the holding of *Schellert*. Under the initial version of the rule, the plea court was required to give the defendant the warnings set out in *Schellert* and an

21

opportunity to withdraw any type of guilty plea. There was no exception for plea agreements involving the prosecuting attorney's nonbinding recommendation.[12] The court of appeals later distinguished the *Schellert* decision by stating that the record in that case had not clearly demonstrated the defendant understood the nonbinding nature of the plea agreement. *Harrison*, 903 S.W.2d at 210; *see also State v. Thomas*, 96 S.W.3d 834, 839-40 (Mo. App. 2002) (discussing *Schellert*'s rationale).

The current version of Rule 24.02(d)(4), which the Court adopted in 2003, supersedes this Court's decision in *Schellert*. The rule now expressly provides that the plea court need not allow the defendant an opportunity to withdraw a guilty plea made pursuant to a Rule 24.02(d)(1)(B) plea agreement when the defendant understands the prosecutor's promise is merely a nonbinding recommendation. Instead, the court now must inform the defendant, in a "Disclosure of Plea Agreement" proceeding, that the defendant cannot withdraw the plea even if ultimately the court decides not to adopt the prosecuting attorney's recommendation made pursuant to a Rule 24.02(d)(1)(B) nonbinding plea agreement. Rule 24.02(d)(2). As mentioned previously, Mr. Stanley waived his claim that the plea court failed to do this because he raised it only in his late-filed second amended post-conviction motion.

---

[12] Missouri Rules of Court, Rule 24.02(d)(4) (effective Jan. 1, 1980) ("*Rejection of a Plea Agreement*. If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court . . . that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.").

22

Mr. Stanley's plea agreement was a nonbinding plea agreement made pursuant to Rule 24.02(d)(1)(B). The written plea petition and the plea colloquy demonstrate that Mr. Stanley understood the plea agreement was for the prosecutor's recommendation of a lower sentence and that it was not binding on the court. The written plea petition, which Mr. Stanley signed and affirmed as true during the plea hearing, states that the prosecuting attorney agreed to "**recommend** a cap of 3 years." (Emphasis added.) It states that Mr. Stanley's plea counsel told him the maximum punishment available for each charge was four years' imprisonment and that he knew his sentence was a matter solely within the control of the judge. And it states that Mr. Stanley was prepared to accept any lawful punishment the court would choose.

At the plea hearing, the court told Mr. Stanley it could impose the maximum eight-year sentence if he pleaded guilty, and Mr. Stanley unequivocally stated that he still wished to do so. The prosecuting attorney stated on the record that the state had agreed to a "cap of three years combined," but he also stated that the agreement was for him to "**ask for** three years concurrent." (Emphasis added.) Mr. Stanley's confirmation that this was his understanding of the agreement shows that he understood the prosecuting attorney had no authority to give Mr. Stanley a lower sentence without the court's action. Even if counsel did not adequately explain the nonbinding nature of the plea agreement, as Mr. Stanley alleges in his first amended motion, the plea court made clear that it could impose the maximum eight-year sentence regardless of his plea agreement with the state. The record refutes Mr. Stanley's claim that the plea agreement with the prosecuting attorney was binding on the sentencing court. The record clearly demonstrates that Mr.

23

Stanley understood the plea agreement was for the prosecuting attorney's nonbinding recommendation of a lower sentence, made pursuant to Rule 24.02(d)(1)(B).

Because Rule 24.02(d)(4) does not apply to this type of plea agreement, both of the first two claims in Mr. Stanley's first amended motion fail. Mr. Stanley's first claim is that the court erred in not informing him it had rejected his plea agreement. Presumably, this argument is that the court already had made up its mind before sentencing to impose a higher sentence than that recommended by the prosecuting attorney, which would have caused Mr. Stanley to withdraw his guilty pleas had he known, although the first amended motion does not plead these facts or articulate an explanation. But when the court decided to impose a sentence longer than that recommended by the prosecuting attorney, the agreement's terms already had been carried out—Mr. Stanley pleaded guilty and the state made the promised recommendation of three years' imprisonment. The court could not have violated Rule 24.02(d)(4) because it did not "reject" Mr. Stanley's plea agreement by refusing to follow the prosecuting attorney's recommendation. *See Harrison*, 903 S.W.2d at 210-11.[13]

---

[13] Rule 24.02(d)(4) contains the disclosure requirements and the withdrawal requirement. The withdrawal requirement expressly states that the court must allow a plea withdrawal regarding three types of plea agreements, but it excludes nonbinding plea agreements from this requirement. With regard to the disclosure requirements, however, the rule does not state that the requirements apply to certain types of plea agreements. This distinction does not mean the disclosure requirements apply to nonbinding plea agreements made pursuant to Rule 24.02(d)(1)(B). The disclosure requirements apply only when a court "rejects" a plea agreement, and Rule 24.02(d)(4) contains no suggestion that the court can reject that type of plea agreement—in fact, the rule does not refer to that type of plea agreement at all.

It would make no sense if a court could "reject" a nonbinding plea agreement, and thereby trigger the disclosure requirements of Rule 24.02(d)(4), by rejecting the prosecutor's recommendation. It would be meaningless for the court to tell the defendant

Mr. Stanley's second claim is that the sentencing court was required to allow Mr. Stanley to withdraw his guilty pleas after announcing its sentencing decision, pursuant to Rule 24.02(d)(4) and this Court's decision in *Schellert*. This claim has no merit because the *Schellert* holding has been superseded by the current version of Rule 24.02(d)(4) in the context of a Rule 24.02(d)(1)(B) nonbinding plea agreement for the prosecutor's recommendation of a particular sentence. The record demonstrates that Mr. Stanley understood his plea agreement was not binding on the sentencing court, and the court was not required to allow him to withdraw his guilty pleas.

Mr. Stanley failed to plead sufficient facts, in his first two claims, that are not refuted by the record, to establish that the court violated Rule 24.02(d)(4) at all or that he

---

it is rejecting the prosecutor's recommendation during the imposition of sentence if the defendant is not then allowed to withdraw the plea. The other two disclosures—that the agreement is not binding and that the court's imposition of sentence may be less favorable than the sentence contemplated by the plea agreement—are superfluous if the defendant already understands the nonbinding nature of the plea agreement and is told the maximum possible punishment. Rather, the court here did not "reject" Mr. Stanley's plea agreement for a nonbinding recommendation made pursuant to Rule 24.02(d)(1)(B), and none of the provisions of Rule 24.02(d)(4) apply.

For a comparison, Federal Rule of Criminal Procedure 11(c) achieves the same result, although its language is not identical. The federal plea rejection rule states that all of its requirements apply, including disclosure requirements, when the court rejects certain kinds of plea agreements, except nonbinding plea agreements made pursuant to Federal Rule 11(c)(1)(B). But like the Missouri analog, it contains no suggestion that a nonbinding plea agreement for the prosecutor's nonbinding recommendation of a sentence can ever be "rejected." *See* Fed. R. Crim. P. 11(c)(5) ("Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1) (A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera): (A) inform the parties that the court rejects the plea agreement; (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.").

was prejudiced thereby. Therefore, Mr. Stanley could not have proved his guilty pleas were made unknowingly, involuntarily, or unintelligently, due to a violation of Rule 24.02(d)(4), and the motion court did not clearly err in denying Mr. Stanley's first two claims of error without a hearing. *See Cooper*, 356 S.W.3d at 152.

### Ineffective Assistance of Counsel

The last three claims stated in Mr. Stanley's first amended motion allege that his plea counsel was ineffective. To establish a claim for ineffective assistance of counsel, a defendant must demonstrate (1) that counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation and (2) that the defendant was prejudiced by counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Johnson v. State*, 406 S.W.3d 892, 898-99 (Mo. banc 2013). To show prejudice in a guilty plea case, the defendant must prove that, but for the errors of counsel, he or she would not have pleaded guilty and would have demanded a trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Cooper*, 356 S.W.3d at 153. "'If [a] conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made.'" *Cooper*, 356 S.W.3d at 153. "'[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.'" *Id.* To obtain an evidentiary hearing on a Rule 24.035 motion, the movant must (1) allege facts, not conclusions, warranting relief, (2) raising matters not refuted by the files and the record, and (3) showing that the matters raised resulted in prejudice. *Id.* at 152.

26

As stated previously, Mr. Stanley's first amended motion alleges ineffective assistance arising only from the representation he received regarding the guilty plea he accepted, and it fails to allege that he would not have pleaded guilty and would have insisted on going to trial if counsel had not erred. Therefore, Mr. Stanley's claims fail because he failed to allege facts that would prove prejudice. But even if Mr. Stanley's first amended motion had pleaded prejudice, Mr. Stanley's claims are refuted by the record and cannot establish that his guilty pleas were not made knowingly, voluntarily, and intelligently.

Mr. Stanley first alleges that his plea counsel was ineffective because the written plea petition does not state specifically that Mr. Stanley's two three-year sentences were to run concurrently, rather than consecutively. The first amended motion argues that this could have influenced the judge's ultimate decision to run the two maximum four-year sentences consecutively as opposed to concurrently. Although the written plea petition refers to the sentences in an ambiguous manner ("c/c to serve" rather than "concurrently"), it also states a "cap of three years." The prosecuting attorney made clear at the plea hearing that the state was seeking a total of three years: "Judge, the State has agreed to a cap of three years **combined** on these two sentences. I think the defendant knows we're going to ask for three years in each case **concurrent**." (Emphasis added.) And the plea judge, who was also the sentencing judge, confirmed his understanding that the plea agreement was for a recommendation of concurrent sentences by clarifying that the state was "only asking for three, right, a cap of three?" Mr. Stanley's claim that

27

counsel's failure to use the word "concurrently" in the written plea petition constitutes ineffective assistance of counsel is refuted by the record.

Second, Mr. Stanley argues that his plea counsel was ineffective because she failed to explain thoroughly the concept that the court was free to reject the prosecutor's recommendation, rendering his guilty pleas involuntary. Even assuming counsel was deficient for failing to provide an adequate explanation of the nonbinding nature of the plea agreement, the record refutes any claim that Mr. Stanley was prejudiced because the court provided Mr. Stanley with an adequate explanation and assured that his guilty pleas were entered knowingly, voluntarily, and intelligently. After assuring that Mr. Stanley understood English, that he was not under the influence of drugs or alcohol, and that he had not been coerced or promised anything other than the plea agreement to get him to plead guilty, the court explained the numerous rights he would give up if he pleaded guilty. After clarifying that the plea agreement was for the prosecutor to recommend three years' total imprisonment, the court then explained to Mr. Stanley that the maximum penalty it could impose was eight years. Mr. Stanley stated it was still his intention to plead guilty.

The court then explained the two charges to Mr. Stanley, and he admitted that he had failed to update his sex offender registration information with the sheriff every 90 days and had failed to inform the sheriff that he had changed his address. Mr. Stanley signed the written plea petition and affirmed its truth during the hearing, which also stated that the maximum punishment the court could impose was four years' imprisonment for each charge and that his sentence was a matter within the control of the

28

judge. The court then found that Mr. Stanley was guilty of the two charges beyond a reasonable doubt, found that he had entered his pleas knowingly, voluntarily, and intelligently, and accepted the guilty pleas.

The court's admonishments refute Mr. Stanley's claim that he did not sufficiently understand the nonbinding nature of his plea agreement. The plea colloquy tracked the requirements of Rule 24.02(b) and (c), and the court adequately ensured that Mr. Stanley's pleas were knowing, voluntary, and intelligent. Accordingly, his claim that plea counsel was ineffective for failing to explain adequately the concept of a nonbinding plea agreement is also refuted by the record.

The final claim in Mr. Stanley's first amended motion alleges that his plea counsel was ineffective for failing to object to the court's imposition of the maximum eight-year sentence or to inquire as to whether the court understood the terms of the agreement. This claim fails under the first prong of the *Strickland* test because Mr. Stanley's counsel did not act unreasonably by not objecting. As the court informed Mr. Stanley during the plea hearing, the court was not bound by the prosecutor's recommendation. *See State v. Hall*, 955 S.W.2d 198, 202 (Mo. banc 1997). After the court announced its sentence, counsel could not have been ineffective for failing to ask the court for a lower sentence as recommended by the prosecutor in the plea agreement—relief to which Mr. Stanley was not entitled. Moreover, as already noted, the transcript of the plea hearing shows that the court understood the prosecutor's recommendation was for a total of three years' imprisonment. Counsel was not ineffective for failing to make a futile objection, and the

29

record conclusively demonstrates that Mr. Stanley is not entitled to a hearing on his final claim.

## Conclusion

Counsel filed Mr. Stanley's second amended motion outside the time limit of Rule 24.035(g), and the claims raised in that motion are time-barred. The claims raised in Mr. Stanley's first amended motion fail to plead sufficient facts establishing that his guilty pleas were not entered knowingly, voluntarily, and intelligently. For the foregoing reasons, the circuit court's judgment, overruling Mr. Stanley's Rule 24.035 motion without an evidentiary hearing, is affirmed.

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.