CONCURRING OPINION
Zel M. Fischer, Judge
I concur in the principal opinion. It is troubling that this case not only resulted in a judgment, but additionally an issued court of appeals opinion without an inquiry into whether appointed counsel filed a timely amended motion; therefore, I write separately to emphasize for the motion courts and intermediary court of appeals that the postconviction deadlines “play such an important role in the orderly presentation and resolution of post-conviction claims that the [S]tate cannot waive them. Instead, motion courts and appellate courts have a duty to enforce the mandatory time limits ... even if the State does not raise the issue.” Price v. State, 422 *827 S.W.3d 292, 297 (Mo. banc 2014) (citations and internal quotation'marks omitted).
As this Court unanimously held in Stanley v. State, 420 S.W.3d 532 (Mo. banc 2014) (Rule 24.035 context): “The time limits for filing a post-conviction motion are mandatory. The movant is responsible for timely filing the initial motion, and appointed counsel must timely file either an amended motion or a statement that the pro se motion is sufficient. Arguments raised for the first time in [an] ... amended motion filed after the time limit set out in [Rule 29.15(g) ] are barred from consideration.” Id. at 540 (internal citations omitted).
It may be that after remand, even if the motion court determines that the movant was abandoned, the motion -court would again overrule the amended motion without an evidentiary hearing. There is no doubt that the finding made by the motion court that counsel withdrew the motion for change of judge in Moore’s presence and with his consent in open court is supported by the record. Nor is there any doubt that the motion court’s conclusion that Moore failed to allege prejudice “sufficient to trigger relief’ is not clearly erroneous because the amended motion did not allege “bias sufficient to warrant relief.”[1]

. "A disqualifying bias or prejudice must be one emanating from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learns from participation in the case. There is a presumption that a judge acts with honesty and integrity and will not preside over a trial in which he or she cannot be impartial.” Burgess v. State, 342 S.W.3d 325, 328 (Mo. banc 2011) (citations and internal quotation marks omitted).