

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| DONTE MCGARY, | ) | No. ED110408 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 20SL-CC04453 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Joseph S. Dueker |
| | ) | |
| Respondent. | ) | Filed: March 28, 2023 |

Kelly C. Broniec, P.J., Philip M. Hess, J., and James M. Dowd, J.

### Introduction

In this post-conviction relief case, appellant Donte McGary sought relief under Rule 24.035 after he pleaded guilty to second-degree murder, first-degree assault, and two counts of armed criminal action arising out of a fight that occurred at a bowling alley in Richmond Heights, Missouri.[1] After he was sentenced on March 6, 2020, McGary timely filed his *pro se* motion. Court-appointed counsel, however, failed to file McGary's amended motion within 60 days of the date the court appointed counsel as required by Rule 24.035(g).[2] Nevertheless, appointed counsel filed two requests for extensions of time to file the amended motion, both of which were granted. Counsel filed the amended motion on April 1, 2021. Following an evidentiary hearing on

---

[1] All rule references are to the Missouri Supreme Court Rules (2020) unless otherwise stated.
[2] A 2021 amendment to Rule 24.035(g) changed the 60-day deadline to 120 days.

McGary's amended motion, the motion court issued findings of fact and conclusions of law denying the motion. Unfortunately, the motion court's failure to conduct an abandonment inquiry requires that we reverse and remand for that purpose and precludes us from getting to the merits of McGary's appeal.

**Factual Background**

On February 1, 2019, McGary got into a fight with another patron at Tropicana Lanes, a bowling alley in Richmond Heights, Missouri. After the fight, McGary and his girlfriend left the premises but remained on the parking lot. At the same time, Demetrius Stewart Shriner, his wife, and his friends, who were not involved in the fight, also left the bowling alley and were walking to their cars. Witnesses saw McGary shoot into Shriner's vehicle. Shriner died from gunshot wounds a few hours later.

The State initially charged McGary with four counts: (I) the class A felony of murder in the first degree for killing Shriner; (II and IV) the unclassified felonies of armed criminal action; and (III) the class B felony of assault in the first degree. In exchange for his guilty plea, the State agreed to amend Count I to murder in the second degree and to recommend concurrent prison sentences of twenty-five years for Count I, thirty years for Count II, fifteen years for Count III, and thirty years for Count IV for a total prison term of thirty years. On March 6, 2020, McGary appeared with counsel and pled guilty. The plea court sentenced McGary in accordance with the plea agreement.

On August 26, 2020, McGary timely filed his *pro se* Rule 24.035 motion. On September 2, 2020, the complete transcript was filed. On October 9, 2020, the trial court appointed the public defender's office to represent McGary and set the case for a status conference on December 4, 2020. On December 2, 2020, the court issued an amended order, again appointing the public

defender's office to represent McGary. Additionally, the court moved the status conference from December 4, 2020, to January 22, 2021.

On December 23, 2020, appointed counsel entered her appearance and requested an additional 30 days to file the amended motion, which was granted on January 4, 2021. On February 23, 2021, counsel requested a second 30-day extension which the court granted on March 1, 2021. On April 1, 2021, counsel filed the amended Rule 24.035 motion and requested an evidentiary hearing. The amended motion alleged that trial counsel was ineffective for failing to advise McGary prior to his plea that if he proceeded to trial, he could be found guilty of the lesser-included offense of voluntary manslaughter.

On September 16, 2021 the motion court held an evidentiary hearing on McGary's claim. At the hearing, counsel testified that he met with McGary at the jail prior to his plea to discuss trial strategy. Counsel stated that at first, he believed McGary acted in self-defense. However, after reviewing discovery, he advised McGary that claiming self-defense would be risky. Counsel also testified that although he did not specifically remember discussing lesser-included offenses, he "always" discussed that option with clients. McGary, for his part, testified that had he known it was possible for the jury to convict him of voluntary manslaughter, he would not have pleaded guilty. On January 18, 2022, the motion court entered its judgment denying McGary's amended Rule 24.035 motion. It concluded that McGary's allegation was meritless and was refuted by McGary's and his counsel's plea hearing testimony. This appeal follows.

**Standard of Review**

We review a denial of a Rule 24.035 motion for post-conviction relief only to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Stanley v. State*, 420 S.W.3d 532, 539 (Mo. banc 2014). Findings and conclusions are

clearly erroneous only when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Stanley*, 420 S.W.3d at 539. We presume the motion court's findings and conclusions are correct. *Whitley v. State*, 501 S.W.3d 531, 534 (Mo. App. E.D. 2016).

## Discussion

In Point I, Appellant asserts that the motion court erred in denying his amended Rule 24.035 motion without first making an abandonment inquiry on the record in light of the untimely filed amended motion which creates a presumption of abandonment.[3] We agree.

"[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline . . . can constitute 'abandonment' of the movant." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). "If an amended motion seeking post-conviction relief is untimely, the motion court is required to conduct an independent inquiry into the reason for the untimely filing to determine whether post-conviction counsel abandoned the movant, which must be done *before* considering the merits of the amended motion and the evidence in support." *Harley v. State*, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021) (citing *Moore*, 458 S.W.3d at 825).

An abandonment inquiry is important because if the motion court determines that the movant was abandoned, the court must permit the untimely filing; however, if the motion court finds the movant was not abandoned, the court does not permit the untimely filing and instead adjudicates the movant's initial *pro se* motion. *Id.* at 917. Therefore, "[u]pon review of the record, if we determine there has been no independent inquiry into abandonment . . . then we must reverse and remand for the motion court to conduct this inquiry." *Brown v. State*, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020).

---

[3] Respondent agrees that this Court should remand the case for an abandonment inquiry.

Rule 24.035(g) provides that "an amended motion . . . shall be filed within 60 days of the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court . . ." and once counsel is appointed. Moreover, the court may extend the time to file an amended motion "with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days." Rule 24.035(g). "The filing deadlines for post-conviction relief are mandatory, and cannot be waived." *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018).

Counsel was initially appointed on October 9, 2020.[4] ("The effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance." *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014)). Therefore, the amended motion was due on or before December 8, 2020, 60 days after counsel's appointment. Counsel did not file an amended motion or any requests for an extension within that timeframe. In fact, she did not file a request for an extension until December 23, 2020 and she did not file the amended motion until April 1, 2021. Accordingly, the amended motion was untimely, and the motion court was required to conduct an abandonment inquiry.[5]

Therefore, we must reverse and remand because the trial court erred in failing to conduct an abandonment inquiry as required.

Because Point I is dispositive, we need not address Point II.

---

[4] The record is silent as to why the trial court issued a second order appointing counsel on December 2, 2020.

[5] Additionally, Counsel's amended motion would be considered untimely even if the December 2, 2020 order was the appropriate order appointing counsel. Under the December 2 order, the amended motion would be due on February 1, 2021. On December 23, 2020, counsel requested an additional 30 days, which was granted on January 4, 2021. The amended motion would then be due on February 3, 2021, 30 days after the motion was granted. However, counsel did not file her second request for a 30-day extension until February 23, 2021—well after her amended motion was due. Thus, the amended motion was also untimely under the December 2 order. *Jones v. State*, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022) ("[T]he circuit court has no authority to grant a request for an extension of time filed after the time to file the amended motion has passed."); *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990).

## Conclusion

This case is reversed and remanded for the motion court to conduct an abandonment inquiry.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.