

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JORDAN MEDLIN, | ) | No. ED110461 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | 2011-CC01207 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael J. Fagras |
| | ) | |
| Respondent. | ) | Filed:  August 22, 2023 |

Thomas C. Clark, II, P.J., James M. Dowd, J., and John P. Torbitzky, J.

### Introduction

Jordan Medlin appeals the denial without an evidentiary hearing of her Rule 24.035[1] amended motion for post-conviction relief.  In her motion, Medlin raised a single claim of ineffective assistance of counsel - that trial counsel had a conflict of interest that adversely affected the representation.  However, because Medlin's amended motion was untimely, we must dismiss this appeal for lack of a final judgment and remand so that the motion court may enter findings and conclusions adjudicating Medlin's timely *pro se* motion.

### Background

On September 11, 2019, Jordan Medlin was driving under the influence of marijuana when she struck and caused the death of Judith Haenni as she and her husband and their two

---

[1] All rule references are to the Missouri Supreme Court Rules (2020).

dogs crossed Riverside Drive in St. Charles, Missouri in a marked pedestrian crosswalk. Medlin was charged under section 577.010[2] with the Class B felony of driving while intoxicated resulting in the death of a non-passenger. On March 3, 2020, Medlin pled guilty to the charge and was sentenced to ten years in the Missouri Department of Corrections.

On December 22, 2020, Medlin filed her *pro se* Rule 24.035 motion to have the judgment and sentence vacated, claiming that trial "[c]ounsel provided affirmative misadvice as well as omissions of advice and counsel" that she "reasonably relied upon" and that "undermined the voluntariness of her plea." The motion also indicated that Medlin had retained counsel and that an amended motion with additional details was forthcoming. The next day, December 23, 2020, the motion court entered its order appointing counsel for Medlin. Appointed counsel moved for a thirty-day extension of the deadline to file an amended motion in Medlin's case, which the motion court granted on January 20, 2021. Medlin then retained private counsel who entered their appearance on February 19, 2021. Appointed counsel withdrew on February 21, 2021.

On April 27, 2021, one day before Medlin's amended motion was due, retained counsel moved for an additional thirty-day extension of the motion deadline. The motion court did not grant that extension request until May 12, 2021. On May 28, 2021, retained counsel filed Medlin's amended Rule 24.035 motion which the motion court denied without an evidentiary hearing on April 12, 2022. Medlin now appeals.

## Discussion

Consistent with our obligation to determine *sua sponte* our authority to hear an appeal, *State v. Harris*, 658 S.W.3d 135, 140 (Mo. App. E.D. 2022), we find that the untimeliness of Medlin's amended motion strips us of the authority to reach the merits of her appeal.

---

[2] All statutory references are to the Missouri Revised Statutes (2016).

The time limits for filing a post-conviction motion are mandatory and cannot be waived. *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014). At the time of Medlin's post-conviction proceedings in 2020, Rule 24.035(g) required an amended motion for post-conviction relief following a guilty plea from which no direct criminal appeal was taken to be filed "within sixty days of the earlier of the date that both a complete transcript consisting of the guilty plea and sentencing hearing [was] filed in the trial court and: (1) [c]ounsel [was] appointed, or (2) [a]n entry of appearance [was] filed by any counsel that [was] not appointed but enter[ed] an appearance on behalf of movant." The rule authorized the motion court to grant up to sixty additional days to file an amended motion, but no individual extension could exceed thirty days.[3] *Id.* Importantly, "[a]ny motion for an extension of time . . . must be made *and granted* within the time that the amended motion is due." *Jones v. State*, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022) (citing *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990)) (emphasis added).

Here, because Medlin had been appointed counsel, the clock began to run for filing her amended motion on January 28, 2021, when the complete transcripts of her guilty plea and sentencing hearing were filed. *Stanley*, 420 S.W.3d at 541 (the earlier date of either the appointment of counsel or the entry of appearance of retained counsel governs the amended motion due date calculation). We note that appointed counsel prematurely requested an extension to file Medlin's amended motion, which the motion court granted on January 20, 2021, eight days before a due date for the filing of the amended motion had been established. Nevertheless, we need not decide whether the filing deadline was March 28, 2021, or—giving effect to the premature extension—April 28, 2021, because the amended motion was untimely

---

[3] On November 4, 2021, Rule 24.035(g) was amended to no longer allow extensions of the time to file an amended post-conviction motion.

either way.  Rule 24.035(g).  It was untimely because although the April 27, 2021, extension request was timely, it was not granted by April 28, 2021, as required by *Jones,* 643 S.W.3d at 921, and *Clemmons,* 785 S.W.2d at 527, such that the motion court's May 12, 2021, order granting the extension was a nullity.  As a result, the amended motion filed on May 28, 2021, was untimely.

Although "[t]he untimely filing of an amended motion raises a presumption of abandonment by counsel," *Latham v. State*, 554 S.W.3d 397, 399 (Mo. banc 2018), "the abandonment doctrine applies only to cases involving appointed post-conviction counsel and thus cannot excuse retained counsel's untimely amended motion."  *Williams v. State*, 602 S.W.3d 275, 280 (Mo. App. E.D. 2020) (citing *Gittemeier v. State*, 527 S.W.3d 64, 71 (Mo. banc 2017)).  Because Medlin was represented by retained counsel at the time her motion was untimely filed, she cannot claim to have been abandoned.

When, as here, the movant files an untimely amended motion, "the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion."  *Briggs v. State*, 621 S.W.3d 614, 618 (Mo. App. W.D. 2021).  Therefore, the motion court's only obligation here was to adjudicate Medlin's *pro se* motion, which it did not do.  *Id.*  Instead, the motion court "improvidently entertained the merits" of Medlin's amended post-conviction motion, "which should have been dismissed for untimely filing."  *Partridge v. State*, 848 S.W.2d 550, 551 (Mo. App. W.D. 1993).  Furthermore, "[b]ecause the motion court here did not address the distinct claims raised in the only timely-filed motion (the *pro se* motion), its judgment is not final, and this appeal must be dismissed."  *Briggs*, 621 S.W.3d at 618.

## Conclusion

For the foregoing reasons, we dismiss the appeal and remand to the motion court to consider the merits of Medlin's *pro se* motion.

_____

James M. Dowd, Judge

Thomas C. Clark, II, P.J., and
John P. Torbitzky, J. concur.