**STATE of Missouri, Respondent,**

**v.**

**Larry Allen EDMISTEN, Appellant.**

**No. 47347.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1984.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Walter S. Drusch, Jr., Cape Girardeau, for appellant.

James W. Hahn, II, Cape Girardeau, Larry Howard Ferrell, Jackson, for respondent.

CRIST, Presiding Judge.

The trial court found defendant guilty of the Class A misdemeanor of Interference With Custody in violation of § 565.150 RSMo 1979. It fined defendant $500.00. It suspended execution of $400.00 of the fine and placed defendant on two years nonsupervised probation. Defendant was assessed court costs plus $26.00 for the Criminal Victim's Fund. We affirm.

On appeal, defendant asserts there was no evidence that he took or enticed his two

children, aged 3 and 5, from anyone's lawful custody, knowing that he had no legal right to do so. The pertinent part of § 565.150 provides:

A person commits the crime of interference with custody if, knowing that he has no legal right to do so, he takes or entices from lawful custody any person entrusted by order of a court to the custody of another person or institution.

Defendant was charged with taking or enticing the two children from the lawful custody of their mother. Defendant and the mother of these children were divorced. An amendment to their Decree of Dissolution, issued on December 30, 1981, granted legal custody and care of the couple's two children to their mother. The Amendment granted defendant rights of visitation and temporary custody of the children on the first and third weekends of each month. On these weekends, defendant was required to pick up the children at their mother's house on Friday evening between 5:00 and 6:00 p.m. and return them on Sunday evening between 6:00 and 7:00 p.m.

On Friday, November 5, 1982, defendant picked up the children from their mother. He did not return them on Sunday. On Thursday, November 11, 1982, the mother, having heard nothing about the children, contacted the police. A misdemeanor warrant on the § 565.150 charge was issued for defendant's arrest. On November 13, 1982, the mother and two deputies retrieved the two children from the defendant's home in Anderson, Missouri, approximately 300 miles from the children's Cape Girardeau home. Defendant had retained custody of the children with knowledge he was violating the court order of December 30, 1981.

Defendant contends there was no violation of § 565.150 because he obtained legal custody of the children on Friday and was not in violation of a court order until he failed to return the children on Sunday evening. He therefore concludes that his retention of the children past 6:00 p.m. on Sunday was not a taking or enticing from the lawful custody of anyone, since defendant had lawful custody until 6:00 p.m. In short, defendant argues that retention of the children after his temporary custody had expired is not a "taking" for purposes of § 565.150.

We reject appellant's construction of § 565.150. The first rule of statutory construction is to give effect to the intent of the legislature. *State v. Burnau*, 642 S.W.2d 621, 623 (Mo. banc 1982). The word "take" has many meanings, and its meaning in any case depends on the subject with which it is associated. Black's Law Dictionary 1625 (Rev. 4th ed. 1968). Sec. 565.-150 replaced an earlier statute dealing with enticement of insane persons and children under 12 away from their lawful custodians. *See* § 559.250, RSMo 1969. The purpose of the new statute is to protect all court ordered custody against unlawful interferences. To adopt the appellant's construction of § 565.150 would blatantly frustrate this purpose. We therefore construe "takes ... from lawful custody" in § 565.-150 to include unlawful retention of any person following a period of temporary lawful custody. *See State v. Lay*, 61 S.W.2d 738, 739 (Mo.1933). By "taking" his children from the lawful custody of their mother, knowing he had no legal right to do so, defendant committed the crime of interference with custody, in violation of § 565.150 RSMo 1979.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.