Terry Gerard GEILER, Appellant,

v.

STATE of Missouri, Respondent.

No. 68862.

Missouri Court of Appeals,
Eastern District,
Division One.

March 12, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 24, 1996.

Application to Transfer Denied
May 28, 1996.

Rosalynn Koch, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Movant, Terry Geiler, appeals denial of Rule 29.15 relief without a hearing. The denial occurred after a remand by this court. *State v. Geiler*, 866 S.W.2d 863 (Mo.App.E.D. 1993). In this appeal, movant claims the trial court failed to instruct the jury on all elements of the offense, a violation of his Fifth Amendment right to due process, and his trial counsel was ineffective by failing to object to a verdict directing jury instruction

that was constitutionally infirm. Because the motion court did not decide all issues presented we dismiss the appeal as premature. The court's order denying Rule 29.15 relief motion is not a final judgment.

In the first appeal, movant brought two points, 1) he was not ineligible for Rule 29.15 relief from a sentence of a fine, rather than imprisonment; and, 2) he was entitled to a lesser included offense instruction. We held: (1) movant could not be denied a hearing under Rule 29.15 merely because his punishment was a fine; and, (2) the court did not err by its failure to instruct on the alleged lesser included offense. *State v. Geiler*, 866 S.W.2d at 864–865.

■ Movant now claims the court erred by submitting a constitutionally insufficient instruction. Ordinarily, "allegations of instructional error are beyond the scope of Rule 29.15 and are for direct appeal." *State v. Shurn*, 866 S.W.2d 447, 468 (Mo. banc 1993). The issue is not trial court instructional error. It is fundamental instructional insufficiency which would deny the constitutional right to be tried and found guilty of all elements of the crime by the jury.

■ In his Rule 29.15 motion, defendant alleged he was denied due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Rule 29.15 offers relief when:

A person convicted of a felony after trial claiming that the conviction ... imposed violate[s] the constitution and laws of this state or the constitution of the United States, ... may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15.

The allegations which the motion court has not decided are:

The elements of the crime of child abduction were improperly submitted when the jury instructions failed to define written consent under Section 452.377, RSMo. Jury Instruction No. 5, in part read:

Third, that the defendant detained said minor child without obtaining written consent, ... under Section 452.377, RSMo....

The jury, however, was not provided Section 452.377 nor any proper interpretation of that statute. The only guidance the jury had in interpreting the jury instruction and thus Section 452.377 was in the prosecutor's closing argument.

The court did not consider or rule on these allegations in its denial of movant's motion. It has not decided whether the verdict directing instruction failed to submit the charged crime in a form which a jury could understand. Under Rule 29.15, a movant may allege denial of due process in violation of the Fifth and Fourteenth Amendments, apart from an allegation of ineffective assistance of counsel under the Sixth and Fourteenth Amendments. The motion court did not address or decide movant's Fifth Amendment claim that he may not be deprived of liberty without due process of law as would occur if the verdict directing instruction was wholly inadequate to submit the case. The court has not disposed of all the issues. The judgment is not final.

■ "It is our duty to determine sua sponte whether we have jurisdiction before addressing the issues on appeal." *Webster v. Cool Valley*, 838 S.W.2d 520 (Mo.App.E.D. 1992). "This court has jurisdiction only over final judgments. A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all the parties in the case and leaves nothing for future determination." *Reid v. Reid*, 879 S.W.2d 796, 797 (Mo.App.E.D.1994). (Citations omitted). The appeal is premature for lack of a final judgment from which to appeal.

Movant also alleged his trial counsel was ineffective, in violation of his Constitutional rights under the Sixth and Fourteenth Amendments. The motion court decided and rejected these allegations. We do not reach the merits of an argument of error on that decision.

On remand the motion court must consider (1) whether mere reference to the terms of a statute by number in the verdict director, without instructing on the substance of the statute, is sufficient, as a matter of due process; and, (2) whether the statute mentioned

in the instruction, § 452.377[1] is relevant to movant, a non-custodial parent.

The trial court required the jury to find, "Third, that the defendant detained said minor child without obtaining written consent, as is provided under Section 452.377," before it found movant guilty of abducting his child. The court gave no further instruction to define or explain the provisions of § 452.377. The source or nature of the consent contained in the statute was not included in the instruction.

■ "A verdict-directing instruction must contain each element of the offense charged and must require the jury to find every fact necessary to constitute essential elements of offense charged." *State v. Ward,* 745 S.W.2d 666, 670 (Mo. banc 1988). "Technical terms which may be misapplied by the jury must be defined or explained to them." *State v. George,* 717 S.W.2d 857, 860 (Mo.App.1986).

We also observe a related problem. Does § 452.377 apply to movant, a non-custodial parent. Movant was charged under § 565.156.1(5) which expressly refers to § 452.377. Section 452.377 includes a prohibition against a custodial parent changing a child's residence without the consent of a non-custodial parent. Section 452.377 is part of the dissolution of marriage statute. The sections preceding and following refer separately to custodial and non-custodial parents, distinguishing between the two. The preface for § 452.377 is "Removal of child from state by *custodial* parent for more than ninety days." (Our emphasis).

■ "The first rule of statutory construction is to give effect to the intent of the legislature." *State v. Edmisten,* 674 S.W.2d 576, 577 (Mo.App.1984). In *Edmisten,* we affirmed a conviction and sentence of a non-custodial parent charged with violating § 565.150 RSMo1979, Interference With Custody. *Id.* The charge in *Edmisten* was based on similar facts, a non-custodial parent failed to return his children after lawful visitation. *Id.* Sections 565.150 [Interference With Custody], 565.153 [Parental kidnapping], 565.156.1 [Child abduction] all define crimes involving parents and children. Prior

to these sections, § 565.149 defines " 'Legal custody' [as] the right to the care, custody and control of a child." The definition section requires a distinction be drawn between custodial and non-custodial. The state charged movant and the court submitted a verdict directing instruction, in accord with a violation of § 565.156.1(5). That instruction is meaningful only if movant, a non-custodial parent, could be guilty of that crime.

The appeal is dismissed as premature. We remand for findings, conclusions and judgment on facts and issues not decided. Rule 24.035(i).

REINHARD, P.J., and CRANDALL, J., concur.

---

1. All further statutory citations will be to RSMo1994, unless otherwise noted.