**Alan G. BOLDEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 61305.**

Missouri Court of Appeals,
Western District.

June 10, 2003.

Vanessa Caleb, Kansas City, MO, for Appellant.

John M. Morris, III, Jefferson City, MO, for Respondent.

Before HARDWICK, P.J., BRECKENRIDGE and SPINDEN, JJ.

LISA WHITE HARDWICK, Judge.

This appeal involves Alan Bolden's contention that the circuit court erred in denying his Rule 29.15[1] motion for postconviction relief. We dismiss the appeal for lack of jurisdiction because no final judgment has been entered by the circuit court.

## Factual and Procedural History

Bolden was convicted by a jury of assault in the first degree, § 565.050,[2] and armed criminal action, § 571.015. He was sentenced to consecutive terms of thirty years for assault and ninety years for armed criminal action, for a total sentence of 120 years. His convictions and sentences were affirmed on direct appeal. *State v. Bolden,* 39 S.W.3d 114 (Mo.App. W.D.1999).

Bolden timely filed his *pro se* Rule 29.15 and, after appointment of counsel, an amended motion was timely filed on August 2, 2000. On March 2, 2001, following an evidentiary hearing, the circuit court granted the motion for postconviction relief and vacated Bolden's convictions and sentences. The circuit court also determined Bolden was mentally incompetent for retrial on the charges and committed him to the Department of Mental Health for evaluation.

Six months later, the Department of Mental Health found Bolden's unfitness to proceed "no longer endures" and declared him to have the capacity to understand the proceedings against him and assist in his own defense. The State filed a Motion for Reconsideration of the circuit court's order of March 2, 2001, which had granted the postconviction relief motion and vacated Bolden's convictions and sentences. Pursuant to Rule 74.06(b), the State argued

the prior order was void and irregular because the circuit court did not issue findings of fact and conclusions of law in granting postconviction relief, as required by Rule 29.15(j).

On March 7, 2002, the circuit court granted the State's Motion for Reconsideration and set aside its order of March 2, 2001, which had sustained the Rule 29.15 Motion. Bolden promptly filed Writs of Prohibition in this court and then the Missouri Supreme Court to challenge the circuit court's reconsideration of the postconviction relief earlier granted. Both writs were denied.

Bolden now appeals the order of March 7, 2002, wherein he contends the circuit court erroneously denied his Rule 29.15 Motion. The State has filed a Motion to Dismiss the Appeal, asserting no final judgment has been entered on the postconviction motion and, thus, this court lacks appellate jurisdiction.

## Jurisdictional Defect

This court has appellate jurisdiction in cases where a final judgment has been entered. *Geiler v. State,* 921 S.W.2d 74, 75 (Mo.App. E.D.1996). A judgment is final and appealable only when it disposes of all the issues for all the parties and leaves nothing for future determination. *Id.* In postconviction cases, "[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal...." Rule 29.15(k).

Bolden contends the circuit court overruled his Rule 29.15 Motion in the order dated March 7, 2002. That order reads as follows:

---

1. All citations are to Missouri Rules of Criminal Procedure (2003) unless otherwise noted.

2. All statutory references are to Revised Statutes of Missouri (1994) unless otherwise noted.

Pursuant to Supreme Court Rule 74.06[3] and upon motion by the State of Missouri and after a hearing was held on January 3, 2002, this Court orders that the order of this Court dated March 2, 2001 is vacated and set aside. Movant's convictions and sentences in CR 96–71330 are hereby reinstated and the judgment is set aside in 00CV 209896 as of this date.

The language of the order clearly indicates the court's intention to nullify its prior order of March 2, 2001, which had sustained the Rule 29.15 Motion and declared Bolden incompetent for retrial. Upon entering this new order, the court stated on the record that it was "allowing everything to go back to square one." Thus, the court intended the case to proceed as if no ruling had ever been made on Bolden's Rule 29.15 motion. The court did not overrule or deny the postconviction motion on March 7, 2002, or at any time thereafter.

Following the issuance of its order dated March 7, 2002, the circuit court postponed consideration of the ineffective assistance of counsel claims in the Rule 29.15 Motion to allow Bolden to file writs of prohibition. The writs, which Bolden filed with this court and the Missouri Supreme Court, alleged the circuit court did not have authority to reconsider and vacate its prior order granting postconviction relief. After both writs were denied, Bolden filed this appeal of the circuit court's order dated March 7, 2002.

Bolden's appeal is premature because the circuit court has not entered "an order sustaining or overruling" the claims in his Rule 29.15 motion. See *Geiler*, 921 S.W.2d at 75. Without a final judgment on the postconviction motion, we do not have jurisdiction to consider Bolden's appeal. The appeal is dismissed.

All concur.

---

3. **Rule 74.06(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.