

# Missouri Court of Appeals

## Southern District

### Division Two

JEFFREY D. JENDRO, )
)
    Movant-Appellant, )
)
v. ) No. SD33014
)
STATE OF MISSOURI, ) **Filed: Dec. 17, 2014**
)
    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Timothy W. Perigo, Circuit Judge

**APPEAL DISMISSED**

    Jeffrey D. Jendro ("Movant") is attempting to appeal from a "Judgment and Order" that "overruled and denied" his claim that he had been abandoned by post-conviction relief ("PCR") counsel. *See* Rule 29.15.[1] Movant claims the motion court clearly erred in finding that he was not abandoned by his second of three PCR attorneys and "in overruling Movant's motion for [PCR] without making a single finding of fact or conclusion of law regarding any claim in Movant's Rule 29.15 motion[.]"

    Because the motion court's "**FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT**" ("abandonment judgment") did not address Movant's substantive PCR

---

[1] All rule references are to Missouri Court Rules (2014).

claims, the abandonment judgment was not a final, appealable order, and we must dismiss this premature appeal.

## Facts and Procedural History

A jury found Movant guilty of sexual offenses that occurred in August 2006. This court affirmed his resulting convictions on direct appeal in **State v. Jendro**, 242 S.W.3d 752, 753 (Mo. App. S.D. 2007). Movant timely filed a *pro se* PCR motion ("original motion") on March 10, 2008, alleging 34 claims for relief. Appointed counsel ("first counsel") entered an appearance on Movant's behalf and successfully requested an extension of time to file an amended PCR motion. That request was granted, and first counsel's amended PCR motion ("first amended motion") was timely filed on June 6, 2008.

The first amended motion asserted that trial counsel was ineffective in failing to object to: 1) questions posed to the victim on redirect examination about a cell phone provided by Movant when the topic had not been pursued in prior questioning with this witness; and 2) an argument the prosecutor made during the sentencing phase of Movant's trial about Movant's future dangerousness. The first amended motion also claimed that Movant was denied due process "when the jury recommended and the trial court imposed a sentence greater than [that] instructed as applied to [the sodomy offense]."

At this point -- as often occurs when movants who are represented by counsel begin filing their own pleadings -- the procedural posture of the case begins to get complicated. On July 14, 2009, Movant filed a "MOTION FOR ORDER OF SPECIFIC PERFORMANCE OR IN THE ALTERNATIVE FOR SUBSTITUTION OF COUNSEL[.]" This motion asserted, *inter alia*, that first counsel did not consult with Movant or allow Movant to review the first amended motion before it was filed. It also claimed that first

2

counsel "had no authority to omit any of" Movant's original *pro se* claims. Movant requested that first counsel be ordered to file another amended motion that asserted Movant's claims, or that first counsel be replaced with new counsel who would be instructed to assert Movant's *pro se* claims.

The motion court responded to this pleading by ordering a response from first counsel. First counsel admitted that he did not provide Movant with a copy of the first amended motion before it was filed, but he corresponded with Movant about the issues that could be raised, and he "attempted to identify meritorious claims demonstrating prejudice to Movant . . . after completing a thorough review of the underlying criminal case." First counsel also correctly informed the motion court that it could not "entertain additional amended motions" beyond the maximum of 90 days permitted by Rule 29.15(g) for the filing of an amended motion.

In a March 22, 2010 docket entry, the motion court stated "that [M]ovant has been abandon[ed] by counsel." The following month, the motion court sustained first counsel's motion to withdraw and reappoint counsel. A different attorney was appointed to represent Movant ("second counsel"), and she filed her entry of appearance in May 2010.

In August 2011, Movant filed another "Motion For Order of Specific Performance or In The Alternative For Substitution Of Counsel[.]" This motion asserted that the first amended motion should also "be [r]uled [a]bandoned," and second counsel should be allowed to file a new amended PCR motion or an attachment to the first amended motion that would assert Movant's *pro se* PCR claims. Shortly thereafter, second counsel requested leave to file a second amended PCR motion ("motion for leave"), and it was accompanied by

3

a proposed second amended PCR motion that included the three claims from the first amended motion, along with Movant's 34 *pro se* claims ("second amended motion").

An evidentiary hearing was held on August 19, 2011. At the outset of the hearing, the motion court granted the motion for leave, and it noted that the second amended motion "contain[ed] a large number of pro se claims." The motion court agreed to take judicial notice of the underlying criminal file, and second counsel indicated that one of Movant's *pro se* claims, along with one of the three claims asserted by counsel, would be submitted based solely upon the written record. Second counsel then presented live testimony from Movant and two other witnesses. She also submitted six exhibits that were received into evidence. Second counsel next indicated that there were two additional witnesses she had not been able to serve with subpoenas, and she also wanted an opportunity to view some physical evidence that might prompt the need to present additional testimony. The motion court agreed to continue the evidentiary hearing, and it ordered that they would "reconvene November 22 at 1:30." The docket indicates that the evidentiary hearing did not occur on that date and was continued multiple times.

A third attorney entered an appearance for Movant ("third counsel") in September 2012, and second counsel's subsequent motion to withdraw was sustained the following month. In October 2012, the evidentiary hearing was continued yet again -- at third counsel's request -- to May 17, 2013. In March 2013, third counsel filed a "**MOTION TO FIND THAT COUNSEL ABANDONED MOVANT AND TO ALLOW TIME TO FILE AN AMENDED MOTION THAT COMPLIES WITH RULE 29.15(e)**" ("the abandonment motion"). This motion noted that the motion court had found that first counsel had abandoned Movant; it further asserted that second counsel had also abandoned Movant by limiting the second amended

4

motion to the claims asserted in the first amended motion, plus Movant's *pro se* claims, without investigating whether yet other claims existed and should have been included.

The docket reveals that a hearing on the abandonment motion was held on April 15, 2013, and the pending evidentiary hearing was continued from its current May 2013 setting without a specified date. The docket reflects that some type of hearing was held on September 18, 2013, but no transcript of that hearing is included in the record on appeal. On the same date as the September 18th hearing, the motion court entered the abandonment judgment. The abandonment judgment referred to the April 15, 2013 hearing on the abandonment motion, and it included findings of fact about the procedural history of the case before it found "Movant's claim of abandonment by [second counsel] . . . to be in error." The motion court found not only that "[c]laims of ineffective assistance of post-conviction counsel do not constitute abandonment," but it also found that second counsel had "represented Movant in a professional and responsible manner." The abandonment judgment found that "[t]rial was held on Movant's [s]econd [a]mended [m]otion" on August 19, 2011, second counsel "more than adequately presented [the] same[,]" and second counsel "made repeated appearances before this Court, as well as evidentiary examinations with the [State]." The relief portion of the abandonment judgment provided:

### JUDGMENT AND ORDER

IT IS ORDERED AND ADJUDGED that [Movant's abandonment motion] is OVERRULED and DENIED.

The abandonment judgment was devoid of any findings or orders regarding the merits of any of the PCR claims asserted in the original motion, the first amended motion, or the second amended motion.

### Applicable Principles of Review and Governing Law

"A prerequisite to appellate review is that there be a final judgment. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995). A final judgment disposes of all issues as to all parties, leaving nothing for future determination." *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008) (applying Rule 24.035);[2] *see also* *Bolden v. State*, 106 S.W.3d 579, 580 (Mo. App. W.D. 2003) (applying Rule 29.15). Rule 29.15(k) provides that "[a]n order sustaining or overruling a motion filed under the provisions of this Rule 29.15 shall be deemed a final judgment for purposes of appeal by the movant or the state." As a result, it is not necessary that the order be denominated a "judgment" as would otherwise be required by Rule 74.01(a). *Sittner v. State*, 405 S.W.3d 635, 637 (Mo. App. E.D. 2013).

Rule 29.15(j) requires the motion court to "issue findings of fact and conclusions of law *on all issues presented*, whether or not a hearing is held." (Emphasis added.) When such an order has been entered, the order is considered a final judgment for purposes of appeal. *See Brooks*, 242 S.W.3d at 708 (applying Rule 24.035(j)). If a motion court has not yet entered an order that sustains or overrules the claims asserted in the PCR motion, the appeal is premature. *See Bolden*, 106 S.W.3d at 581 (holding that an order that set aside a previous order sustaining a Rule 29.15 motion was not a final judgment as it did not rule the merits of the Rule 29.15 motion), and *Geiler v. State*, 921 S.W.2d 74, 75 (Mo. App. E.D. 1996) (finding that an "appeal [was] premature for lack of a final judgment from which to appeal" where the order decided a claim of ineffective assistance of counsel under the Sixth Amendment but did not address a claim asserting a violation of due process under the Fifth Amendment).

---

[2] *Brooks* involved a post-conviction motion under Rule 24.035 following a guilty plea, *id.* at 707, but Rule 29.15 is regarded as Rule 24.035's counterpart for post-conviction motions following a trial. *See State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516 (Mo. banc 2010).

Here, the abandonment judgment determined only that second counsel had not abandoned Movant -- it did not resolve Movant's claims that trial counsel was ineffective in failing to make specific objections and that Movant was denied due process by the imposition of a sentence "greater than [that] instructed" to the jury. Further, the evidentiary hearing on Movant's PCR claims was never completed; it was to reconvene after second counsel had an opportunity to subpoena additional witnesses and view the physical evidence. Because the motion court has not yet decided Movant's pending PCR claims, the abandonment judgment is not a final judgment, and we must dismiss this premature appeal.

DON E. BURRELL, J. - OPINION AUTHOR

MARY W. SHEFFIELD, P.J. - CONCURS

NANCY STEFFEN RAHMEYER, J. - CONCURS