

# Missouri Court of Appeals

## Southern District

### Division One

STEVEN D. GREEN,                          )
                                          )
    Movant-Appellant,            )
                                          )
vs.                                       )          No. SD33574
                                          )
STATE OF MISSOURI,                        )          **Filed:  October 8, 2015**
                                          )
    Respondent-Respondent.       )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy

## DISMISSED

Steven Delwin Green ("Movant") appeals from the motion court's denial of his Rule 29.15 motion for post-conviction relief.[1]  Movant raises five points on appeal, but his first point is dispositive.  We are compelled to dismiss this case because the motion court did not adjudicate all of the claims raised in Movant's amended motion.

### Procedural Background

Because Movant's first claim is procedural and requires reversal, we limit ourselves to discussion of the procedural facts necessary to dispose of that claim.

---

[1] All rule references are to Missouri Court Rules (2015).

In 2008, Movant was arrested and charged with first-degree statutory rape and incest. *See* § 566.032, RSMo (2000); § 568.020, RSMo Cum. Supp. (2013). The jury found Movant guilty as charged, and Movant's convictions and sentences were affirmed on appeal. ***State v. Green***, No. SD30605 (Mo. App. S.D. Nov. 9, 2011).

Movant sought post-conviction relief. In his timely filed amended motion,[2] Movant's post-conviction attorney raised several claims of ineffective assistance of trial counsel and also incorporated a number of Movant's *pro se* claims by attaching copies of those claims to the amended motion. An evidentiary hearing was held at which Movant presented evidence regarding both the claims presented by his attorney and Movant's incorporated *pro se* claims.

On September 12, 2014, the motion court denied Movant's request for relief. In its judgment, the motion court mentioned and addressed each of the claims Movant's attorney had prepared, but did not address the incorporated *pro se* claims. Movant appeals.

---

[2] Pursuant to ***Moore v. State***, 458 S.W.3d 822, 825 (Mo. banc 2015), this Court must examine whether the motion for post-conviction relief was timely filed even if the issue is not raised by the parties. Because Movant filed a direct appeal, his *pro se* motion was due within 90 days from the date the mandate was issued in his direct appeal. *See* Rule 29.15(b). The mandate in Movant's direct appeal was issued on November 28, 2011, and Movant filed his *pro se* motion for post-conviction relief 60 days later on January 27, 2012. Thus, Movant's *pro se* motion was timely filed. Given the circumstances of this case, the amended motion originally had to be filed within 60 days of "the date both the mandate of the appellate court is issued and counsel is appointed[.]" *See* Rule 29.15(g). Post-conviction counsel was appointed on January 31, 2012. The motion court subsequently granted an extension of time in which to file the amended motion, giving Movant another thirty days. ***Id.*** Thus, Movant's amended motion had to be filed within 90 days of January 31, 2012. Movant's amended motion for post-conviction relief was filed on April 30, 2012. There were 90 days between January 31, 2012, and April 30, 2012, so Movant's amended motion was timely filed.

**Discussion**

In his first point, Movant argues the motion court erred by failing to adjudicate Movant's incorporated *pro se* claims. Movant is correct.

Generally speaking, the motion court is required "to enter findings of fact and conclusions of law on all issues presented whether or not a hearing is held." *Atchison v. State*, 420 S.W.3d 559, 561 (Mo. App. S.D. 2013). Furthermore, a movant may incorporate *pro se* claims into the amended motion by physically attaching them to the amended motion. *Reynolds v. State*, 994 S.W.2d 944, 945-46 (Mo. banc 1999). Here, the *pro se* claims were physically attached to the amended motion, so the motion court was required to address them. *See id.*

A prerequisite to appellate review is that there be a final judgment. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995). Here, the motion court has not entered an order sustaining or overruling the *pro se* claims asserted in the post-conviction relief motion. As a result, the appeal is premature for lack of a final judgment from which to appeal. *See Jendro v. State,* 453 S.W.3d 333, 335 (Mo. App. S.D. 2014). We must dismiss this premature appeal.[3]

---

[3] The State misguidedly urges affirmance under Rule 78.07(c), which works a waiver of certain challenges to a judgment's form or language. Flaws in form or language can be waived, but neither the parties nor this Court can waive the requirement of a final or otherwise appealable order or judgment.

## Decision

The appeal is dismissed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS