

## Missouri Court of Appeals
### Southern District

#### In Division

JEFFREY D. JENDRO, )
                         )
            Appellant, )
                         )    No. SD 37537
v. )
                         )    **Filed: December 6, 2023**
STATE OF MISSOURI, )
                         )
            Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable James Nichols, Judge

### AFFIRMED IN PART, DISMISSED IN PART

Jeffrey Jendro appeals the denial of his Rule 29.15[1] motion for postconviction relief. We affirm the order in regard to points I, II, and III on appeal and dismiss points IV and V.

### Background

Movant Jeffrey Jendro was convicted by a jury of statutory rape in the first degree and statutory sodomy in the first degree. This court affirmed his convictions. ***State v. Jendro***, 242 S.W.3d 752 (Mo.App. 2007).[2] He raised two points in that appeal, both

---

[1] Rule references are to Missouri Court Rules (2008).

[2] The facts underlying Jendro's conviction are recited in the opinion affirming Jendro's convictions on direct appeal. *See **State v. Jendro***, 242 S.W.3d 752 (Mo.App. 2007). Those facts will be repeated here only as they are necessary to review the Rule 29.15 motion.

challenging portions of the prosecution's closing arguments to the jury. *Id.* at 754. First, Jendro claimed the trial court committed plain error in failing to stop the prosecution from making statements that Jendro was an "animal" that should be "caged." *Id.* Second, he claimed that the trial court committed plain error in failing to intervene *sua sponte* to prevent the prosecutor from urging the jury to convict Jendro because he posed a future danger. *Id.* In its review for plain error, this court held that Jendro failed to show that the purported errors resulted in a manifest injustice or miscarriage of justice because the challenged arguments "had no decisive effect on the outcome of the trial." *Id.* at 754-55.

This court issued its mandate on January 15, 2008. On March 10, 2008, Jendro filed a *pro se* motion to vacate, set aside, or correct judgment or sentence pursuant to Rule 29.15 in which he asserted 34 claims for postconviction relief. On the same day, the motion court ordered the Missouri State Public Defender ("Public Defender") to represent Jendro on his motion for postconviction relief and granted 60 days to file an amended motion. On March 26, 2008, counsel ("first counsel") entered his appearance and requested an additional 30 days to file an amended motion, which the trial court granted on March 31, 2008, extending the deadline for filing of the amended motion to June 9, 2008. First counsel filed the amended motion for postconviction relief on June 6, 2008. It contained three new claims and none of Jendro's *pro se* claims. *See Jendro v. State*, 453 S.W.3d 333, 334 (Mo.App. 2014).

The motion court's docket sheet reflects that no activity occurred in the case until July 14, 2009, when Jendro, independently and unbeknownst to his counsel, filed a motion requesting that first counsel be required to file a second amended motion that included Jendro's original *pro se* claims, or that first counsel be removed from the case and another attorney appointed who would be allowed to file a second amended motion

to include those *pro se* claims. In response to the motion court's order, first counsel responded to Jendro's motion on August 19, 2009. He admitted he did not provide Jendro with a copy of the amended motion before he filed it, although he did correspond with Jendro regarding potential claims. First counsel also stated that he did not include Jendro's *pro se* claims in the amended motion for postconviction relief, but that he "attempted to identify meritorious claims demonstrating prejudice to Movant in the underlying criminal case, after completing a thorough review of the underlying criminal case." Citing Rule 29.15(g), first counsel also stated, "Additional amended motions cannot be filed at this late of date. Undersigned counsel believes the Court would not have jurisdiction to entertain additional amended motions at this time."

Despite counsel's assertion regarding the filing of subsequent amended motions, on March 22, 2010, the motion court ruled in a docket entry, without explanation, that Jendro had been abandoned by counsel. The motion court then allowed first counsel to withdraw from the case and again appointed the Public Defender ("second counsel") to represent Jendro. On August 15, 2011, second counsel filed a second amended motion. It comprised the three claims raised by first counsel in the first amended motion plus the 34 hand-written claims from Jendro's original *pro se* motion.

The motion court held an evidentiary hearing, receiving evidence and testimony on the second amended motion on August 19, 2011. The matter was continued until November 22, 2011, for further hearing. No hearing was held on that date, and the court's docket shows that it was subsequently continued multiple times. In May 2012, Jendro filed, independently and without assistance from counsel, a "Motion for Order of Specific Performance or in the Alternative for Substitution of Counsel," in which he argued that second counsel had "[n]eglected to [s]ubpoena, [d]epose or [i]nterview all [p]arties

3

[r]elevant to [p]etitioner's [c]laims." Second counsel filed a motion to withdraw; a third attorney entered the case for Jendro.

The motion court entered an order on September 18, 2013, finding that second counsel did not abandon Jendro. The order did not resolve any of Jendro's postconviction claims. Jendro filed a notice of appeal from the court's order denying his motion. This court held that Jendro's appeal was premature because the order appealed from was not a final judgment. *See **Jendro***, 453 S.W.3d 333. In the opinion dismissing that appeal, this court made two holdings that are significant here. First, we held that first counsel's motion was timely filed. ***Id.*** at 334. Second, we held that "[f]irst counsel . . . correctly informed the motion court that it could not 'entertain additional amended motions' beyond the maximum of 90 days permitted by Rule 29.15(g) for the filing of an amended motion." ***Id.*** at 335. We also acknowledged the complicated procedural history of the case as it stood at that time. ***Id.*** ("At this point—as often occurs when movants who are represented by counsel begin filing their own pleadings—the procedural posture of the case begins to get complicated.").

After dismissal of the appeal, the case languished on the motion court's docket for over seven years. During this interim period, Jendro was represented, sequentially, by three additional attorneys, his case was reassigned to three different judges, and he filed numerous motions *pro se*. The continued hearing on his second amended motion for postconviction relief was scheduled, canceled, and rescheduled multiple times. That second portion of the hearing was finally held on September 16, 2021, ten years after it began. The motion court entered its amended findings of fact and conclusions of law on January 21, 2022, denying all of Jendro's claims, both those filed by counsel in the first amended motion, and those filed by Jendro *pro se*.

4

Jendro now appeals the motion court's amended findings of fact and conclusions of law, raising five points. First, he alleges the motion court clearly erred in finding that his trial counsel was not ineffective in failing to object to the victim's purportedly prejudicial testimony on cross-examination regarding a mobile phone Jendro had given her. Second, he alleges the motion court clearly erred in finding his trial counsel was not ineffective for failing to object to the prosecutor's statements in closing argument suggesting that Jendro should be imprisoned to prevent him from endangering others in the future. Third, he alleges clear error in the motion court's finding that he was not denied due process or a fair trial when jurors recommended, and the trial court imposed, a 40-year sentence when the instructed maximum sentence was only 30 years. Points I, II, and III were raised in the motion court in the first amended motion.

Fourth, Jendro alleges the motion court clearly erred in finding that the prosecution did not violate his rights by failing to produce Jendro's booking photograph, which Jendro argued could have been used to impeach the victim's testimony that she attempted to hit him in the face. Fifth, he alleges the motion court erred in finding his due process rights were not violated when he was required to wear an electronic stun cuff under his pant leg during the trial. Claims IV and V were not raised in counsel's first amended motion. Respondent argues that Claims IV and V were not timely filed and are therefore barred from this court's review.

### Timeliness

#### *Legal Principles*

Because filing deadlines in a Rule 29.15 review are constitutional and mandatory, we first analyze for timeliness. ***Price v. State***, 422 S.W.3d 292, 297 (Mo. banc 2014). "Appellate courts have a duty to enforce the mandatory time limits for post-conviction

claims." ***Owens v. State***, 673 S.W.3d 839, 842 (Mo.App. 2023) (citing ***Price***, 422 S.W.3d at 297). "A motion court has no authority to extend this time limit for filing an amended motion." ***Stanley v. State***, 420 S.W.3d 532, 541 (Mo. banc 2014). "[T]he date of first appointment of counsel controls the time for filing an amended motion, regardless of whether the court later appoints new counsel or allows new counsel to enter an appearance." ***Id.*** Arguments raised in a second amended motion filed after the time limit in Rule 29.15(g) has passed are "barred from consideration." ***Id.*** at 540-41.

Rule 29.15(i) provides that a hearing on a motion for postconviction relief is limited to the claims raised "in the last timely filed motion." ***Tinsley v. State***, 258 S.W.3d 920, 927 (Mo.App. 2008). The filing of an amended motion within the time allowed supersedes a movant's *pro se* motion, rendering it a nullity. ***Id.*** Claims for postconviction relief that are not timely filed are waived, meaning they are procedurally barred from consideration by the court. ***Dorris v. State***, 360 S.W.3d 260, 266-68 (Mo. banc 2012). *See also* ***Norville v. State***, 83 S.W.3d 112, 114 (Mo.App. 2002) ("[I]ssues that were set forth in a previous pro se motion, but which are not included in the amended motion, are not for consideration.").

The motion court here found first counsel abandoned Jendro. Abandonment by counsel in a postconviction relief context is limited to situations in which a movant files a timely *pro se* motion for postconviction relief, the motion court appoints counsel to represent the movant, and appointed counsel fails to file the amended motion in a timely manner. ***Stanley***, 420 S.W.3d at 541-42. In cases of abandonment, the court is authorized to entertain late-filed amended motions. ***Id.*** The court in ***Stanley*** specified the two types of abandonment that have been recognized in Missouri: the first occurs "when there is a complete absence of performance," meaning counsel filed nothing within

the time limitations, and the second occurs "when appointed counsel determined that an amended motion was necessary but failed to file the amendment in a timely fashion." ***Id.*** The Supreme Court of Missouri "continually has refused to expand the circumstances that constitute abandonment to include claims for ineffective assistance of post-conviction counsel." ***Id.*** at 542. In ***Moore v. State***, the high court determined that "[w]hen an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry . . . to determine if abandonment occurred." 458 S.W.3d 822, 825 (Mo. banc 2015) (internal citation and punctuation omitted). If a motion court fails to make such an inquiry, the appellate court should remand the case to the motion court to conduct the abandonment inquiry. ***Id.*** at 826.

### *Discussion*

Jendro appealed his convictions, so he had 90 days from the date of the issuance of the mandate to file his *pro se* motion for postconviction relief. Rule 29.15(b). Jendro timely filed his *pro se* motion on March 10, 2008. On the same day, the motion court ordered the Public Defender to represent Jendro, triggering the sixty-day period for counsel to file an amended motion under Rule 29.15(g), that is until May 9, 2008. On March 26, 2008, first counsel entered his appearance and requested an additional thirty days to file the amended complaint. As authorized by rule, the motion court granted that extension, moving the deadline to June 9, 2008.[3] First counsel timely filed the amended motion on Friday, June 6, 2008. The filing of the amended motion, which stated only three grounds for relief, superseded all of the claims Jendro had included in his *pro se* motion and procedurally barred those claims from consideration by the motion court. *See*

---

[3] June 8, 2008, a Sunday, was thirty days from May 9, 2008. Under Rule 44.01(a), the amended motion was due Monday, June 9, 2008.

***Tinsley***, 258 S.W.3d at 927. Despite the timely filing and with no explanation, the motion court found that first counsel had abandoned Jendro, appointed new counsel, and allowed new counsel to file a second amended complaint out of time, all of which were in error because Jendro was not abandoned by first counsel under the limited, court-created doctrine of abandonment in Rule 29.15 proceedings. ***Stanley***, 420 S.W.3d at 541-42.

Consequently, we face a jurisdictional quandary. Although the result of procedural blunders, the three claims contained in the timely first amended motion, which nullified Jendro's *pro se* claims, were heard and denied on the merits by virtue of the motion court's erroneous hearing of the second amended motion. Thus, they are ripe for appellate review. If we remand the case and instruct the motion court to hear the first amended motion, that will require the motion court to hear and determine three of the exact same claims it already heard and determined, resulting in duplicative challenges, delayed finality of judgment, and the wasting of time and judicial resources.

We have the authority to hand down judgment that fully disposes of a case even though such judgment is normally within the purview of the trial courts, so long as additional proceedings in the trial court are not necessary. Rule 84.14 specifies:

> The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case.

*See also* ***Lewellen v. Franklin***, 441 S.W.3d 136, 139 (Mo. banc 2014) ("Because there is no need for further proceedings in the circuit court, this Court may enter judgment as the circuit court ought to have entered to reflect the punitive damages award against Mr. Franklin assessed by the jury."); ***DeBaliviere Place Ass'n v. Veal***, 337 S.W.3d 670, 679 (Mo. banc 2011) ("An appellate court may give judgment as the circuit court ought to

have given, but only in circumstances that indicate there is no further need for proceedings in the circuit court.").

The purpose of postconviction relief is to "adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of the defendant . . . [while] avoiding delay in the processing of prisoners' claims and preventing the litigation of stale claims." *Price*, 422 S.W.3d at 296 (alteration in original) (quoting *State ex rel. Nixon v. Daugherty*, 186 S.W.3d 253, 254 (Mo. banc 2006)). "[E]ven though 'courts are solicitous of post-conviction claims that present a genuine injustice, that policy must be balanced against the policy of bringing finality to the criminal process.'" *Price*, 422 S.W.3d at 296 (quoting *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997)). "[P]ost-conviction relief proceedings were not designed for 'duplicative and unending challenges to the finality of a judgment.'" *Dorris*, 360 S.W.3d at 269 (quoting *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993)).

Remanding the case to the motion court to rectify the procedural errors and require relitigation of the three claims that have been ruled upon and are ripe for our review would violate the policy that the rules' firm deadlines support finality of judgment. In the interest of avoiding duplicative and resource-wasting additional proceedings in the motion court, we hold that remand is not required here. We will rule on the merits of the points ripe for our review, namely Points I, II, and III. Because the motion court had no authority to grant any relief on claims IV and V, we have no jurisdiction to review them on appeal. *See Norville*, 83 S.W.3d at 114. Accordingly, claims IV and V are dismissed because they were untimely filed.

**Analysis of Remaining Claims**

***Legal Principles***

Our review of a motion court's findings of fact and conclusions of law is for clear error. ***Price****,* 422 S.W.3d at 294. Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. ***Stanley****,* 420 S.W.3d at 539; ***Moss v. State****,* 10 S.W.3d 508, 511 (Mo. banc 2000). "A reviewing court must uphold a motion court's judgment if it is sustainable on any ground." ***Voss v. State****,* 570 S.W.3d 184, 192 (Mo.App. 2019). We are required to presume the motion court's findings are correct. ***Davis v. State****,* 486 S.W.3d 898, 905 (Mo. banc 2016).

***Discussion***

<u>Point I</u>

Jendro argues that his trial counsel was ineffective for failing to object to questions the prosecutor asked the victim regarding a cell phone Jendro had given her, which he claims were beyond the scope of cross-examination. He asserts that if counsel had objected appropriately, the jury never would have heard the testimony or the objection would have been preserved for direct appeal.

Ineffective assistance of counsel may be the basis for postconviction relief when a movant demonstrates, first, that his trial counsel "failed to exercise the level of skill and diligence that a reasonably competent trial counsel would in a similar situation," and second, that the movant was prejudiced by his counsel's actions. ***Id.*** at 906 (quoting ***Strickland v. Washington****,* 466 U.S. 668, 687 (1984)). To show ineffective assistance of counsel, a movant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (quoting *Middleton v. State*, 103 S.W. 726, 733 (Mo. banc 2003)).  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  *McFadden v. State*, 619 S.W.3d 434, 445 (Mo. banc 2020) (quoting *Tisius v. State*, 519 S.W.3d 413, 420 (Mo. banc 2017)).  A movant must overcome a "strong presumption that trial counsel's conduct was reasonable and effective."  *Watson v. State*, 520 S.W.3d 423, 435 (Mo. banc 2017).

The motion court found that Jendro failed to demonstrate prejudice resulting from trial counsel's failure to object to the prosecutor's questions during his redirect examination of the victim.  The court stated,

> The evidentiary weight of [victim]'s testimony regarding the cell phone pales in comparison to her preceding testimony, and it is therefore highly improbable that the jury would have decided differently had they not heard testimony that ultimately amounted to [victim]'s opinion, after the fact, that Petitioner was not joking when he said that she would be his slave after giving her the phone.

The motion court further "remain[ed] unconvinced that [trial counsel's] failure [to object] was so egregious under the circumstances to show he failed to exercise the level of skill and diligence that a reasonably competent attorney would in a similar situation."  The motion court concluded that Jendro did not suffer prejudice by his counsel's failure to object to the line of questioning.

We find no clear error in the trial court's determination.  "Generally, the mere failure to object at trial or preserve an issue on appeal is not a cognizable ground for relief for ineffective assistance of counsel on a post-conviction motion."  *McLaughlin v. State*, 378 S.W.3d 328, 354 (Mo. banc 2012).  Jendro has not sufficiently demonstrated that his trial counsel failed to exercise the level of skill and diligence that reasonably competent trial counsel would in a similar situation; thus Jendro failed to overcome the

11

strong presumption that his trial counsel's conduct was reasonable and effective. **Davis**, 486 S.W.3d at 906; **Watson**, 520 S.W.3d at 435. Even if he had, he has not demonstrated prejudice that would have led to a different outcome in the trial. **Strickland**, 466 U.S. at 694; **Anderson**, 196 S.W.3d at 33. Under our review for clear error, we are not left with "a definite and firm impression that a mistake has been made." **Stanley**, 420 S.W.3d at 539. Therefore, Point I is denied.

Point II

Jendro argues that he received ineffective assistance of counsel when his trial attorney failed to object to the prosecution's comments in closing argument that Jendro posed a future danger. On direct appeal, Jendro argued that the trial court's failure to stop or prevent the prosecution from commenting that he posed a future danger was plain error. This court held that Jendro had not demonstrated manifest injustice or miscarriage of justice to warrant plain error review. The court concluded "There is no reasonable probability that without the arguments about which [Jendro] complains the verdicts would have been different; that the arguments had no decisive effect on the outcome of the trial." **Jendro**, 242 S.W.3d at 755. Therefore, our holding in **Jendro** foreclosed future post-conviction relief on this claim pursuant to **Strickland**.

On the basis of the denial of the claims on direct appeal, the motion court found "Petitioner has failed to show by a preponderance of the evidence that [trial counsel]'s failure to object meets the *Strickland* test for ineffective assistance of counsel."

We find the ineffective assistance of counsel claim regarding counsel's failure to object to the prosecutor's comments that Jendro posed a future danger is procedurally barred from our review. "Matters decided on direct appeal may not be relitigated in a postconviction relief motion." **Waggoner v. State**, 552 S.W.3d 601, 607 (Mo.App.

12

2018) (quoting ***State v. Boyd***, 927 S.W.2d 385, 389 n.5 (Mo.App. 1996)). Nor may a movant raise a claim of ineffective assistance of counsel when the underlying error was addressed and denied on direct appeal due to lack of prejudice. ***Voss***, 570 S.W.3d at 197 ("[A] plain error claim previously reviewed and denied on direct appeal [for lack of prejudice] cannot be relitigated on a theory of ineffective assistance of counsel in a post-conviction proceeding."). "Movant cannot use his post-conviction proceeding as a vehicle to obtain a second appellate review of matters raised on direct appeal." ***Id.*** at 198 (internal punctuation omitted). Jendro asks us to review a claim already raised on direct appeal, but couched in terms of "ineffective assistance of counsel." As the caselaw makes clear, such a claim is procedurally barred because the lack of ***Strickland*** prejudice was already adjudicated on direct appeal. Accordingly, Point II is denied.

## Point III

Jendro argues that the motion court clearly erred in denying his due process claim that the jury improperly recommended and the trial court imposed a sentence greater than instructed when the jury recommended 40 years imprisonment although the verdict form limited the maximum sentence to 30 years.

The motion court reviewed the claim and found no due process violation because under § 566.062 the maximum range of punishment is a term of life imprisonment or a term of years not less than five years.[4] As interpreted by the Supreme Court of Missouri in ***State v Hardin***, the motion court found that the 40-year term of imprisonment was within the range of punishment authorized by statute. 429 S.W.3d 417, 419-20 (Mo. banc 2014). Accordingly, the motion court denied his claim.

---

[4] RSMo (2006).

On appeal, Jendro argues that the motion court clearly erred in applying **Hardin**, because that case is factually distinguishable. The State argues that Jendro's claim is not cognizable in a Rule 29.15 motion. We agree.

"Issues that could have been raised on direct appeal—even if constitutional claims—may not be raised in postconviction motions, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." **Shockley v. State**, 579 S.W3d 881, 900 (Mo. banc 2019) (quoting **State v. Tolliver**, 839 S.W.2d 296, 298 (Mo. banc 1992)). "Circumstances known by a movant during trial are not rare and exceptional." **Hilliard v. State**, 627S.W.3d 616, 617 (Mo.App. 2021) (quoting **Melillo v. State**, 380 S.W.3d 617, 621 (Mo.App 2012)). "Post-conviction relief under Rule 29.15 is not a substitute for direct appeal or to obtain a second chance at appellate review." **McLaughlin**, 378 S.W.3d at 357 (quoting **Zink v. State**, 278 S.W.3d 170, 176 (Mo. banc 2009)). Jendro could have raised this claim on direct appeal, but did not. As such, without a showing that he was denied fundamental fairness, which Jendro has not shown, this is not one of the "rare and exceptional circumstances" that would allow for postconviction relief. *See* **Youngblood v. State**, 600 S.W.3d 303, 307-08 (Mo.App. 2020). Therefore, Point III is denied.

The motion court's denial of postconviction relief is affirmed.

JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS