

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| MARK JARVIS, | ) |
| | ) WD77679 |
| Appellant, | ) |
| v. | ) OPINION FILED: |
| | ) |
| STATE OF MISSOURI, | ) October 6, 2015 |
| | ) |
| Respondent. | ) |

**Appeal from the Circuit Court of Lafayette County, Missouri**
**Honorable Dennis Allen Rolf, Judge**

**Before Division Two:**
**Thomas H. Newton, P.J., Victor C. Howard, and Mark D. Pfeiffer, JJ.**

Mr. Mark Jarvis appeals the denial of a 24.035 post-conviction motion. We dismiss the appeal.

## Factual and Procedural Background

Mr. Jarvis appeals the denial of his Rule 24.035 motion for post-conviction relief from the Lafayette County Circuit Court. The State charged Mr. Jarvis with two counts of statutory sodomy and one count of child molestation.[1] The parties appeared before the court on a continuance motion.

---

[1] The child molestation charge was not filed until the day of Mr. Jarvis's plea hearing.

Although Mr. Jarvis's defense counsel had indicated his desire for a continuance, the plea court[2] informed Mr. Jarvis at this hearing that his case was set for trial. At this hearing Mr. Jarvis indicated that he would plead guilty to three counts in two cases pursuant to an open plea agreement. Mr. Jarvis's plea was accepted as freely, voluntarily and intelligently entered. During the sentencing hearing the court deviated from the State's recommendation[3] and sentenced Mr. Jarvis to life in prison on both counts of first degree statutory sodomy and fifteen years on the third charge of third degree child molestation.

Mr. Jarvis filed a timely *pro se* motion for post-conviction relief under Rule 24.035[4] alleging that the plea court violated Rule 24.02(d)(4) by not advising him of the right to withdraw his guilty plea nor allowing him the opportunity to withdraw. He further asserted that his attorney was ineffective for failing to inform him of his right to withdraw. Post-conviction counsel timely amended this motion to claim that Mr. Jarvis's plea was not knowingly, intelligently, or voluntarily entered, because the plea court violated Rule 24[.02](d)(1)(a) and (b) by "knowingly participat[ing] in the plea agreement and never specifically inform[ing] Mr. Jarvis of his right to withdraw his guilty pleas," and because Mr. Jarvis "was not advised of his right to withdraw his plea by the Court nor at anytime by his attorney" in violation of Rule

[2] The same judge presided over the plea hearing and motion hearing in Mr. Jarvis's case.

[3] The prosecution recommended fifteen years on each count concurrent with eighty-five percent served on every sentence.

[4] Rule references are to the Missouri Supreme Court Rules of Criminal Procedure (2012), unless otherwise indicated.

2

24.02(d)(4). Mr. Jarvis's amended motion claimed that Mr. Jarvis was prejudiced because he "was never clearly given an opportunity to withdraw his plea."

The motion court denied Mr. Jarvis's amended motion because it found that the plea court explained to Mr. Jarvis that an "open plea" meant that the court would consider the State's recommendation, but may not follow it and Mr. Jarvis chose to plead guilty despite that advice.

This appeal follows.

## Standard of Review

Our review of the denial of a Rule 24.035 post-conviction motion "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if "after review of the record the appellate court is left with the definite and firm impression that a mistake has been made." *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011). The Rule 24.035 movant must show "by a preponderance of the evidence that the motion court clearly erred in its ruling." *Id.* Claims not included in the post-conviction motion are not reviewable on appeal. *State v. Shafer*, 969 S.W.2d 719, 740 (Mo. banc 1998).

## Legal Analysis

Mr. Jarvis raises one point on appeal: whether the motion court erred in denying his Rule 24.035 motion because the plea court "failed to comply with

3

Rule 24.02(d)" because the plea court "did not advise Mr. Jarvis that his plea could not be withdrawn if the court did not adopt" the State's sentencing recommendation and did not allow Mr. Jarvis to withdraw the plea once the plea court refused to follow the State's recommendation. The State argues that Mr. Jarvis's point on appeal differs from the claim raised in his amended motion and is not preserved for our review. We agree.

Mr. Jarvis's amended motion complained that the plea court violated Rule 24.02(d) by failing to inform him that he *could* withdraw his guilty plea. Mr. Jarvis's point on appeal claims the opposite, contending the plea court violated Rule 24.02(d) by failing to inform him that he ***could not*** withdraw his guilty plea. These are materially different claims, arising out of materially different types of plea agreements.

By examining Rule 24.02(d) it is clear that a distinction exists between the plea agreement procedure for pleas reached pursuant to sections (d)(1)(A), (C), and (D) and pleas reached pursuant to section (d)(1)(B). Where the record validates that the defendant understands that the prosecutor's promise is a recommendation the court is not required to implement, a plea agreement qualifies as a non-binding plea pursuant to 24.02(d)(1)(B). See *Harrison v. State*, 903 S.W.2d 206, 208-210 (Mo. App. W.D. 1995). Upon examining the four subsections, section (d)(1)(B) is the only subsection to express that the sentencing recommendation is made "with the understanding that such recommendation or request shall not be binding on the court." These non-

4

binding agreements are addressed in Rule 24.02(d)(2), which provides that "***the court shall advise the defendant that the plea cannot be withdrawn*** if the court does not adopt the recommendation or request." [Emphasis added] In sharp contrast, the plea court's obligation when it rejects a plea agreement reached pursuant to 24.02(d)(1)(A),(C), or (D) is governed by section 24.02(d)(4). That section requires the plea court to inform the parties of the rejection, advise the defendant that the court is not bound by the plea agreement and "afford the defendant the opportunity to then withdraw." Simply stated, the type of plea agreement reached controls the guidance a plea court must provide a defendant, and, correspondingly, the right the defendant has (or does not have) to withdraw a rejected plea.

Our Supreme Court confirmed that a Rule 24.035 claim based on not being informed of the right to withdraw a guilty plea is materially different from a claim based on not being informed that there is no right to withdraw a guilty plea in *Stanley v. State*, 420 S.W.3d 532 (Mo. banc 2014). In *Stanley*, the defendant entered into non-binding plea agreements pursuant to Rule 24.02(d)(1)(B), and the plea court failed to inform him that he could not withdraw his guilty pleas if the court deviated from the recommended sentence. After sentencing which deviated from the State's recommendation, Mr. Stanley filed an amended Rule 24.035 motion which claimed, among other things, that the court "violated Rule 24.02(d)(4) and this court's holding in *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978), when it failed to afford movant an opportunity to withdraw his plea after the court rejected the plea agreement."

5

After Mr. Stanley's first post-conviction counsel withdrew, substitute post-conviction counsel filed an untimely second amended motion which alleged that the plea court violated Rule 24.02(d)(2) by failing to inform Mr. Stanley that his plea agreement could not be withdrawn should the State's sentencing recommendation not be followed. Relevant to this case, the Court made clear that the claim asserted in the untimely second amended motion was not preserved by the allegations in the first amended motion because:

> The first amended motion does not state that the plea court violated Rule 24.02(d)(2) by failing to inform Mr. Stanley he could not withdraw his guilty pleas should the court decide to deviate from the prosecuting attorney's recommendation and impose a higher sentence. Rather, the first amended motion's claims that the trial court erred are based on Rule 24.02(d)(4), which discussed the court's procedure for rejecting certain types of plea agreements.

*Stanley*, 420 S.W.3d at 539. As a result, the Supreme Court did not reach Mr. Stanley's claim that Rule 24.02(d)(2) had been violated, deeming the claim untimely and not encompassed within the claimed violation of Rule 24.02(d)(4) asserted in the first amended motion. *Id.* at 539, 543 ("Unlike the first amended motion, the second amended motion alleges that the plea court violated Rule 24.02(d)(2) . . . .") ("Accordingly, arguments raised only in Mr. Stanley's late-filed second amended motion are time-barred, and this Court confines its review to arguments raised in the first amended motion.").

It is uncontested in this case that Mr. Jarvis's plea agreement was of the Rule 24.02(d)(1)(B) variety. And it is uncontested in this case that the claim of trial court error asserted in Mr. Jarvis's amended motion was, just as in *Stanley*, a claim that the plea

6

court failed to comply with Rule 24.02(d)(4). "Rule 24.02(d)(4) does not apply to plea agreements of the Rule 24.02(d)(1)(B) variety." *Stanley*, 420 S.W.3d at 545.

Mr. Jarvis's situation is thus substantively indistinguishable from *Stanley*. Mr. Jarvis's claim on appeal materially differs from the claim raised in his amended motion. Claims not included in the post-conviction motion are not reviewable on appeal. *State v. Shafer*, 969 S.W.2d 719, 740 (Mo. banc 1998). Because Mr. Jarvis's point on appeal is not preserved for our review, his appeal is dismissed.[5]

## Conclusion

In order to preserve a post-conviction issue for appeal counsel must include the post-conviction issue in the Rule 24.035 motion. Issues not included within the motion are non-reviewable on appeal. Therefore, we dismiss the appeal.

/s/THOMAS H. NEWTON
Thomas H. Newton, Presiding Judge

Howard and Pfeiffer, JJ. concur.

---

[5]We note, *ex gratia*, that were we to conclude that the error claimed in Mr. Jarvis's point on appeal had been preserved for our review, we would agree with Mr. Jarvis that the trial court failed to inform him that he could not withdraw his plea as required by Rule 24.02(d). However, we would nonetheless deny Mr. Jarvis's appeal because he failed to plead prejudice in his amended motion of the nature required to claim a Rule 24.02(d)(2) violation. *See Stanley*, 420 S.W.3d at 540 (noting, by comparison, that "unlike the first amended motion, the second amended motion alleges . . . that Mr. Stanley would not have pleaded guilty and would have gone to trial" had he been told he could not withdraw his guilty plea if the court deviated from the prosecutor's sentencing recommendation). Here, Mr. Jarvis did not sufficiently allege that but for the plea court's violation of Rule 24.02(d), Mr. Jarvis would not have pled guilty and would have insisted on going to trial. Instead, the amended motion pled that Mr. Jarvis was not given an *opportunity* to file a motion to withdraw his plea--an assertion of prejudice that is facially inconsistent with the claim that Mr. Jarvis should have been told he could not withdraw his plea.