

# Missouri Court of Appeals
### Southern District
### Division Two

ALLEN D. GILES, )
)
    Movant-Appellant, )
)
vs. ) No. SD34275
)
STATE OF MISSOURI, ) Filed December 15, 2016
)
    Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Thomas E. Mountjoy

<u>AFFIRMED</u>

Allen D. Giles ("Movant") voluntarily, knowingly, and intelligently waived his constitutional right to assistance of counsel and proceeded to trial without counsel on charges of first-degree statutory rape and first-degree statutory sodomy. *See* sections 566.032 and 566.062.[1] He was convicted of those charges following a jury trial and sentenced to two consecutive terms of life imprisonment. His convictions were affirmed on direct appeal to this court in *State v. Giles*, 386 S.W.3d 822 (Mo.App. 2012). In *Giles*, we held that the trial court committed no error in allowing the State to elicit testimony pertaining to Movant's prior sex crimes because Movant

---

[1] All statutory references are to RSMo Cum.Supp. 2006.

1

had, by way of his examination of his own witnesses, "opened the door" to such evidence. *Id.* at 825–26.

Movant thereafter sought Rule 29.15[2] post-conviction relief.[3]  In his amended motion, Movant claimed his self-representation amounted to constitutionally ineffective assistance of counsel, in that, by opening the door to evidence of prior sex crimes, Movant did not act as a reasonably competent attorney and he was thereby prejudiced.  Following an evidentiary hearing, the motion court entered its judgment denying this claim concluding that "Movant could not be ineffective for opening the door to evidence of other crimes . . . because Movant knowingly, voluntarily, and intelligently waived his right to counsel and represented himself at trial, therefore, he cannot now claim that he was ineffective counsel for himself."  Movant timely appeals that judgment.  Finding no clear error, we affirm.

On appeal, our review of the denial of a Rule 29.15 motion is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous.  Rule 29.15(k); *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005).  A motion court's findings are presumed correct.  *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005).  Such findings and conclusions are considered clearly erroneous only if a full review of the record leaves us with "a definite and firm impression that a mistake has been made."  *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (internal quotation marks omitted).

---

[2] All rule references are to Missouri Court Rules (2016).

[3] Movant's original and amended motions for post-conviction relief were timely.  After affirming Movant's conviction on direct appeal in *State v. Giles*, 386 S.W.3d 822 (Mo.App. 2012), we issued our mandate on October 22, 2012.  On December 27, 2012, Movant timely filed a pro se Rule 29.15 motion for post-conviction relief seeking to vacate, set aside, or correct the judgment and sentence.  *See* Rule 29.15(b).  On January 15, 2013, post-conviction counsel was appointed but failed to timely file an amended Rule 29.15 motion and later withdrew as counsel.  On December 23, 2014, after replacement post-conviction counsel entered an appearance, the motion court ruled that Movant had been abandoned and granted 90 days to file an amended Rule 29.15 motion.  Post-conviction counsel timely filed an amended Rule 29.15 motion on March 23, 2015.  *See* Rule 29.15(g); *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015).

A criminal defendant has a right to conduct his or her defense, which includes the right to waive the assistance of counsel and proceed without counsel. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To waive counsel, "the accused must 'knowingly and intelligently' forgo those relinquished benefits." *Id.* at 835, 95 S.Ct. at 2541. Here, the motion court's finding that Movant's waiver was voluntary, knowing, and intelligent is presumptively correct, and Movant does not contend otherwise on appeal.

Movant, instead, asserts a *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), ineffective assistance of counsel claim.[4] He contends that by opening the door to evidence of prior sex crimes, he violated "his rights to due process of law and to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 10 and 18(a) of the Missouri Constitution[.]" This claim is not cognizable as a constitutional violation under Rule 29.15, however, because Movant waived the very constitutional provision he now invokes.

The United States Supreme Court in *Strickland* set forth the standard by which constitutional ineffective assistance of counsel is determined. In doing so, the court noted that "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial [as guaranteed through the Due Process Clauses]." The Court then elaborated on the scope of the Counsel Clause of the Sixth Amendment[5] and its role in ensuring a fair trial:

---

[4] Ineffective assistance of counsel under *Strickland* requires a movant to show by a preponderance of the evidence: (1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and (2) that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052.

[5] The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

Because of the vital importance of counsel's assistance, this Court has held that, with certain exceptions, a person accused of a federal or state crime has the right to have counsel appointed if retained counsel cannot be obtained. That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.

*Id.* at 685, 104 S.Ct. at 2063 (internal citations omitted). The Court went on to state that, for the above reasons, it has recognized that "'the right to counsel *is* the right to the effective assistance of counsel.'" *Id.* at 686, 104 S.Ct. at 2063 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 1449 n.14, 25 L.Ed.2d 763 (1970)) (emphasis added).

Rule 29.15, under which Movant seeks post-conviction relief, provides for such relief only if:

the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law[.]

Rule 29.15(a). Because Movant's constitutional right to *effective* assistance of counsel derives from his Sixth Amendment right to the assistance of counsel, *Strickland*, 466 U.S. at 684–86, 104 S.Ct. at 2063, which Movant waived, his claim fails to allege a violation of "the constitution and laws of this state or the constitution of the United States," as required by Rule 29.15.[6]

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta*, 422 U.S. at 835,

---

U.S. CONST. amend. VI.

[6] Movant's state constitutional claim is deficient for the same reason as his federal constitutional claim: "Each time our courts have compared the state and federal constitutional provisions, they have concluded that art. I, § 18(a) of the Missouri Constitution protects the same rights as the Sixth Amendment of the United States Constitution." *State v. Hester*, 801 S.W.2d 695, 697 (Mo. banc 1991).

4

95 S.Ct. at 2541. "[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Id.* at 834 n.46; *see also **State v. Nicolosi***, 588 S.W.2d 152, 157 (Mo.App. 1979) (holding that a defendant who waived his right to counsel cannot complain that the quality of his own defense amounted to a denial of effective assistance of counsel).

Movant's self-styled "ineffective assistance of counsel" claim does not invoke any constitutionally protected right because Movant waived his Sixth Amendment right to the assistance of counsel and the right to effective assistance of counsel it requires. Movant's claim, therefore, is not cognizable as a constitutional or law violation, which is a necessary prerequisite for Rule 29.15 post-conviction relief. Accordingly, the motion court committed no clear error in denying Movant's post-conviction motion.

The judgment of the motion court is affirmed.

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

DANIEL E. SCOTT, J. – concurs

5