**Steven E. WILSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 34568**

Missouri Court of Appeals,
Southern District,
**Division Two.**

FILED: May 15, 2017

Appellant's attorney: Margaret M. Johnston, Jefferson City.

Respondent's attorneys: Joshua D. Hawley and Shaun J. Mackelprang, Jefferson City.

DANIEL E. SCOTT, J.

Steven Wilson was charged with the felony of resisting a lawful traffic stop. A week before trial, Wilson insisted upon waiving counsel and representing himself. The court initially resisted, then relented after a *Faretta* hearing [1] on the record. The jury found Wilson guilty; he received a prison sentence; and no appeal was taken.

In his timely post-conviction motion,[2] Wilson complained that "I was forced to be pro-se at my own Jury Trial." The motion judge (previously the trial judge) denied relief without a hearing, finding in pertinent part that Wilson elected to represent himself and waived counsel in writing in order to do so.

Wilson appeals, urging that he "was disadvantaged at trial by representing himself *pro se*," which differs from his motion complaint that he "was forced" to represent himself. "Claims not included in the post-conviction motion are not reviewable on appeal." *Jarvis v. State*, 472 S.W.3d 238, 242 (Mo. App. 2015). "Because [Wilson's] point on appeal is not preserved for our review, his appeal is dismissed." *Id.*[3]

---

1. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

2. Appointed counsel filed a statement *in lieu* of amended motion, the timing of which, by Wilson's own assertion, is not of consequence in this appeal. *See Mason v. State*, 488 S.W.3d 135, 141 (Mo. App. 2016).

3. We note, *ex gratia*, that Wilson's point would fail even were it preserved. "It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." *Faretta*, 422 U.S. at 834, 95 S.Ct. 2525. Once a defendant elects to self-represent, he cannot claim that the poor quality of his own defense amounted to a denial of effective assistance of counsel. *Giles v. State*, 504 S.W.3d 256, 259 (Mo. App. 2016); *Rollins v. State*, 454 S.W.3d 380, 385 (Mo. App. 2015); *Wilkins v. State*, 308 S.W.3d 778, 783 (Mo. App. 2010).

GARY W. LYNCH, P.J.—CONCURS

NANCY STEFFEN RAHMEYER, J.—
CONCURS